UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>                Plaintiff,<br><br>      v.<br><br>TAL ALEXANDER, ALON ALEXANDER and OREN ALEXANDER,<br><br>                Defendants. | Case No.: 24-cv-04813 (LAK)<br><br>(Removal from: Supreme Court of the State of New York, County of New York, Index No. 155547/2024) |

## AMENDED NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tal Alexander, by and through his attorneys, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, on the basis of diversity jurisdiction. In doing so, Defendant Tal Alexander appears solely for the purpose of removal, expressly reserving all available defenses and objections. The removal is proper for the reasons stated below.

### I. Background

1. On June 18, 2024, Plaintiff Angelica Parker ("Plaintiff") filed civil action *Parker v. Alexander et al.,* Index No. 155547/2024, (the "State Court Action"). A true and accurate copy of the electronic docket in the State Court Action, together with true and accurate copies of all documents filed in that Action, is annexed hereto as Exhibit A.

2. On June 21, 2024, Defendant Tal Alexander's Counsel sent an email to Plaintiff's Counsel Michael Willemin, of Wigdor LLP, and accepted service of the Summons and Complaint. Declaration of Deanna M. Paul ("Paul Decl."), attached hereto as Exhibit B, at ¶ 2. On June 24, 2024, Counsel for Defendants Oren Alexander and Alon Alexander ("Co-Defendants") sent an

email to Mr. Willemin and accepted service of the Summons and Complaint. Declaration of Isabelle Kirshner ("Kirshner Decl."), attached hereto as Exhibit C, at ¶ 5.

3. The Complaint purports to assert one cause of action: a violation of the Victims of Gender-Motivated Violence Protection Law, pursuant to N.Y.C. Admin. Code §§ 10-1101.

4. The relief Plaintiff seeks includes compensatory damages, in an amount to be determined at trial, mental and emotional distress damages, punitive damages, loss of income, reputational harm, costs of suit, including attorneys' fees, and award of interest. Plaintiff also seeks nonmonetary relief, including a declaratory judgment and permanent injunction.

5. Prior to filing the Complaint or serving Defendant Tal Alexander with the Complaint, Mr. Willemin communicated a demand to settle all claims for an amount in excess of $75,000. Paul Decl., at ¶ 4. Mr. Willemin also communicated to Counsel for Co-Defendants that if Plaintiff were to seek a settlement, she would seek damages in excess of $75,000. Kirshner Decl., at ¶ 6.

6. This Amended Notice of Removal is timely because it is filed within 30 days of service, in accordance with 28 U.S.C. § 1446(b).

## II. Diversity Jurisdiction Under 28 U.S.C. § 1332

7. This Court has jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

### A. There is complete diversity between Plaintiff and Defendants in this action.

8. Upon information and belief, Plaintiff is a resident, domiciliary, and citizen of the of the State of New York. The sources of this information and belief are (a) the Complaint filed in the State Court Action (*see* Compl., at ¶ 12); and (b) the uncontested averment in *Parker v.*

*Bursor et al.,* 24-cv-00245 (S.D.N.Y. Jan. 11, 2024) that Plaintiff is a citizen of the State of New York.

9. Defendant Tal Alexander is a citizen and domiciliary of the State of Florida for the purposes of 28 U.S.C. § 1332 because he resides and has his permanent home in Florida. Affidavit of Tal Alexander ("Tal Decl."), attached hereto as Exhibit D, at ¶ 2.

10. Defendant Oren Alexander is a citizen, domiciliary, and permanent resident of the State of Florida. Affidavit of Oren Alexander, attached hereto as Exhibit E, at ¶ 2; Compl. at ¶¶ 14-15.

11. Defendant Alon Alexander is a citizen, domiciliary, and permanent resident of the State of Florida. Affidavit of Alon Alexander, attached hereto as Exhibit F, at ¶ 2; Compl. at ¶¶ 14-15.

12. Therefore, there is complete diversity between Plaintiff and all Defendants in this action.

**B.  The amount in controversy exceeds the sum or value of $75,000.**

13. Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

14. On information and belief, Plaintiff is seeking an amount in excess of $75,000.

15. To determine the amount of controversy for diversity purposes, courts in the Second Circuit have also considered settlement demands, even though they may be considered confidential communications in other contexts. *Dasler v. Washburn*, No. 21-194, 2022 WL 18542310, at *4 (D. Vt. Aug. 2, 2022), *aff'd*, No. 23-1156, 2024 WL 1787123 (2d Cir. Apr. 25, 2024).

16. Here, Plaintiff's counsel previously communicated to Defendants' counsels that, if Plaintiff sued, she would be seeking damages in excess of $75,000. Paul Decl., at ¶ 4; Kirshner Decl., at ¶6. By Plaintiff's own admission, the amount of controversy requirement is met.

17. While Defendants deny any liability in response to Plaintiff's claims, they have a reasonable, good faith belief that the amount of controversy exceeds $75,000, exclusive of costs and interests. *See Dart Cherokee Basin Operating Co., LLC* v. *Owens,* 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

18. Co-Defendants join in removal. Kirshner Decl., at ¶ 1. Therefore, all Defendants join in the removal.

## VENUE

19. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) because the U.S. District Court for the Southern District of New York is the federal jurisdiction embracing the Supreme Court of the State of New York, County of New York, where the State Court Action was originally filed.

## CONCLUSION

20. The action is removable, as there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds the jurisdictional threshold.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Amended Notice of Removal, together with all Exhibits hereto, will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Defendants Tal Alexander, Oren Alexander, and Alon Alexander request that (a) the State Court Action be removed to this Court, and (b) this Court grant such other or

further relief, and enter such orders, as may be deemed necessary or appropriate in conjunction therewith.

Dated: New York, NY
June 27, 2024

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _____
Milton L. Williams
Deanna M. Paul
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
mwilliams@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

To: Michael Willemin
Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Tel: (212) 257-6800
mwillemin@wigdorlaw.com

*Attorney for Plaintiff*

By Pacer

5