# EXHIBIT A

# EXHIBIT A

| | NYSCEF<br>New York County Supreme Court | **Document List**<br>**Index #   155547/2024** | Created on:06/22/2024 07:44 PM |
|---|---|---|---|

Case Caption:   **Angelica Parker v. Tal Alexander et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 06/18/2024 | Willemin, M. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---------------------------------------------------------------------X
ANGELICA PARKER,                               :        **SUMMONS**
                                               :
              Plaintiff,                       :
                                               :        Plaintiff designates
       v.                                      :        NEW YORK COUNTY
                                               :        as the place of trial
TAL ALEXANDER, ALON ALEXANDER and OREN         :
ALEXANDER,                                     :        The basis of the venue is: Defendant
                                               :        Tal Alexander is a resident of New
              Defendants.                      :        York County
---------------------------------------------------------------------X

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the inconvenience relief demanded in the Complaint.

Dated: June 18, 2024
      New York, New York

                                                 **WIGDOR LLP**

                              By:  _____
                                   Michael J. Willemin

                                  85 Fifth Avenue
                                  New York, NY 10003
                                  Telephone: (212) 257-6800
                                  Facsimile: (212) 257-6845
                                  mwillemin@wigdorlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X
ANGELICA PARKER,

                Plaintiff,

           v.

TAL ALEXANDER, ALON ALEXANDER and OREN ALEXANDER,

                Defendants.
-----------------------------------------------------------------------X

Index No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Angelica Parker hereby alleges as follows:

### PRELIMINARY STATEMENT

1. On June 8, 2024, news broke that twin brothers Oren Alexander ("Oren") and Alon Alexander ("Alon") had been sued by two different women alleging that they were raped by the brothers.

2. Over the course of the following days, 30 additional women came forward and reported that they too had been raped by Oren or Alon, or both of them.

3. In the wake of the publicity, Oren Alexander, a widely known real estate broker who sells luxury homes to some of the world's wealthiest persons, stepped down from his leadership role at "Official Partners," a real estate firm he co-founded. Three days later, Official Partners announced that it would be cutting ties with Oren altogether.

4. With Oren's departure, Official Partners is now effectively led by Oren's older brother, co-founder—and Defendant – Tal Alexander ("Tal").

5. While news of the Alexander brothers' penchant for raping women has thus far been focused on Oren and Alon, Tal Alexander has also participated in raping and sexually assaulting women, including Ms. Parker.

1

6. Specifically, in or around the fall of 2012, Ms. Parker was raped by Alon and Tal Alexander, together, in a coordinated sexual assault that was planned and facilitated by Oren Alexandar along with his brothers.

7. That day, Alon Alexander orally and vaginally raped Ms. Parker. While he was vaginally raping Ms. Parker, Tal orally raped Ms. Parker.

8. Oren, who had planned the whole event, sat and watched as Ms. Parker was raped by his brothers.

9. Accordingly, Ms. Parker brings this action against Tal, Alon and Oren Alexander for their violations of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* ("VGMVPL").

## JURISDICTION AND VENUE

10. The Court has personal jurisdiction pursuant to Civil Practice Law and Rules ("CPLR") § 301, *inter alia*, because Plaintiff and Defendant Tal Alexander reside in New York.

11. Venue is proper in this County pursuant to CPLR § 503 because a substantial part of the events giving rise to Plaintiff's claims took place in New York County.

## PARTIES

12. Plaintiff Angelica Parker resides in New York, New York.

13. Defendant Tal Alexander resides in New York, New York.

14. Defendant Alon Alexander resides in Miami, Florida.

15. Defendant Oren Alexander resides in Miami, Florida.

2

## FACTUAL ALLEGATIONS

**I.     Ms. Parker is Set Up By Oren and Raped by Alon and Tal Alexander**

16.    Ms. Parker met Oren Alexander in or around 2012. They developed a brief personal relationship.

17.    In or around the fall of 2012, Oren Alexander invited Ms. Parker to his home in New York City, 543 Broadway, Apartment 4m. At the time, he lived there with Alon and Tal Alexander.

18.    Ms. Parker went to the apartment with her friend, YL. When they arrived, Oren and Alon were present. Tal also was at the apartment, but Ms. Parker did not know that at the time.

19.    Right when Ms. Parker and YL arrived, Oren and Alon asked them whether they wanted to take ecstasy. Mr. Parker and her friend said no, as they did not take ecstasy.

20.    Alon made drinks for Ms. Parker and her friend. He then proceeded to start hitting on YL and groping her.

21.    YL became extremely uncomfortable and afraid, and left the apartment. However, she was so concerned for Ms. Parker's safety that she stayed in the apartment building, in a stairwell.

22.    After YL left the apartment, Ms. Parker was raped by Alon and Tal Alexander, together, in a coordinated sexual assault that was planned and facilitated by Oren Alexandar along with his brothers.

23.    Specifically, Alon Alexander orally and vaginally raped Ms. Parker. While he was vaginally raping Ms. Parker, Tal proceeded to forcibly orally rape Ms. Parker against her

3

will despite her very clear verbal protests and inability to force him away on account of both her size and the fact Alon was holding her down with his body weight.

24. During this time, Ms. Parker was not actively giving Tal oral sex. Rather, against her will, Tal had grabbed her head and was moving it up and down to pleasure himself.

25. As this happened, Oren, who had planned and facilitated the whole event, sat and watched as Ms. Parker was raped by his brothers.

26. Alon and Tal raped Ms. Parker together for approximately 5 minutes until Alon ejaculated and removed himself from Ms. Parker.

27. At that point, Tal attempted to penetrate Ms. Parker with his fingers, again against her will, and have vaginal sex with her.

28. Free from the weight of Alon, Ms. Parker was able to successfully resist, and she left the apartment.

29. Ms. Parker found YL after she left the apartment and told her what had happened.

30. In the years following the rape, Ms. Parker often encountered the Alexander brothers, as they had many mutual friends and acquaintances.

31. During this time, the Alexander brothers made various defamatory statements about Ms. Parker, gratuitously telling her friends that they had sex with her, without of course explaining that the whole event was an orchestrated group rape.

32. Moreover, years later Tal barged in on Ms. Parker while she was alone in the guest room of a house where they were both at and attempted to sexually assault her again.

33. Ms. Parker was able to scream at him (making noise so others could hear) to get him to relent on that occasion. Tal created a nickname for Ms. Parker, the "king's rat," because she got him thrown out of the home that night.

4

## II. The Alexander Brothers' Well-Known Penchant for Sexually Assaulting Women

34. Unfortunately, Ms. Parker is far from the only victim of the Alexander brothers.

35. Oren and Alon Alexander are currently facing two other lawsuits for sexual assault.

36. In the first, Plaintiff Kate Whiteman alleged that Alon and Oren took her, against her will, to the home of a third party. Once there, Alon and Oren brought her into a bedroom and, according to the Complaint, Ms. Whiteman "was sexually assaulted, abused, raped, pinned, groped, harassed, battered, and fondled by defendants Alon and Oren."

37. In the second, Plaintiff Rebecca Mandel alleges that Alon and Oren spiked her drink, lured her to an apartment, held her down and raped her together.

38. According to the lawyers representing Ms. Whiteman and Ms. Mandel, an additional 30 alleged victims have said that they too were raped by one or more of the Alexander brothers.

39. This is sadly not surprising news to those who spent time with the Alexander brothers.

40. Indeed, it was well known within Ms. Parker's circle of friends and acquaintances that the Alexander brothers had a penchant for sexually assaulting women.

41. Ms. Parker would learn that it was common knowledge that the Alexander brothers often forcefully raped women, drugged women and tricked women into having sex by pretending to be one of their brothers (*i.e.*, Alon would pretend to be Oren and vice versa).

42. It was also common knowledge that when one Alexander brother was having sex with a woman, often another would join in uninvited and by surprise, and sexually assault the woman.

5

43. Ms. Parker is aware of numerous other women who were sexually assaulted by one or more of the Alexander brothers.

## FIRST CAUSE OF ACTION
**Violation of the Victims of Gender-Motivated Violence Protection Law,
N.Y.C. Admin. Code §§ 10-1101, *et seq.* ("VGMVPL")**
*Against All Defendants*

44. Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

45. Defendants' conduct constitutes a "crime of violence" against Plaintiff and is a "crime of violence motivated by gender" as defined in § 10-1103 ("The term 'crime of violence' means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction," and "The term 'crime of violence motivated by gender' means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.").

46. As a direct and proximate result of the aforementioned crime of violence and gender-motivated violence, Plaintiff has sustained and will continue to sustain, monetary damages, physical injury, pain and suffering and serious psychological and emotional distress, entitling her to an award of compensatory and punitive damages, injunctive and declaratory relief, attorneys fees and costs and other remedies as this Court may deem appropriate damages, as set forth in § 10-1104.

6

47. The above-described conduct of Defendants constitutes a sexual offense as defined in Article 130 of the New York Penal Law.

48. Pursuant to § 10-1105(a), this cause of action is timely because it is commenced within "two years and six months after September 1, 2022."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the City of New York;

B. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

D. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, reputational harm and harm to professional reputation, in an amount to be determined at trial, plus prejudgment interest;

7

F.      An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

G.      Prejudgment interest on all amounts due;

H.      An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and,

I.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 18, 2024
      New York, New York      Respectfully submitted,

**WIGDOR LLP**

By: _____
    Michael J. Willemin

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com

*Counsel for Plaintiff*