UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>Plaintiff,<br><br>v.<br><br>TAL ALEXANDER, ALON ALEXANDER and OREN ALEXANDER,<br><br>Defendants. | Case No.: 24-cv-04813 (LAK)<br><br>**AMENDED ANSWER BY DEFENDANT TAL ALEXANDER**<br><br>**JURY TRIAL DEMANDED** |

Defendant Tal Alexander, by and through his undersigned counsel, answers the Complaint ("Complaint") filed by Plaintiff Angelica Parker ("Plaintiff") on June 18, 2024, as follows:

## INTRODUCTION

Angelica Parker is a professional plaintiff who has brought at least two other actions accusing individuals of sexual misconduct, one of which was dismissed after a New York State judge concluded the suit was frivolous. Plaintiff's other lawsuit, brought under the Adult Survivor Act, is pending in this Court.[1] Once again, Plaintiff attempts to use the court system to pursue fabricated allegations for financial gain. The truth sits in stark contrast to the lurid and inflammatory allegations contained in the Complaint.

## RESPONSE TO "PRELIMINARY STATEMENT"

1.  The allegations contained in paragraph 1 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander admits the allegations set forth in paragraph 1.

---

[1] Plaintiff, inexplicably, did not file the instant case before the expiration of the Adult Survivor Act's one-year window to assert legal claims based on alleged sexual offenses.

2. The allegations contained in paragraph 2 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander admits the allegations set forth in paragraph 3.

4. Tal Alexander denies the allegations contained in paragraph 4.

5. Tal Alexander denies the allegations contained in paragraph 5.

6. Tal Alexander denies the allegations contained in paragraph 6.

7. Tal Alexander denies the allegations contained in paragraph 7.

8. Tal Alexander denies the allegations contained in paragraph 8.

9. Paragraph 9 contains legal conclusions, to which no response is required. To the extent a response is required, Tal Alexander denies the allegations set forth in paragraph 9.

**RESPONSE TO "JURISDICTION & VENUE"**

10. Paragraph 10 contains legal conclusions, to which no response is required. To the extent a response is required, Tal Alexander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10, except he denies that he resides in New York.

11. Paragraph 11 contains legal conclusions, to which no response is required. To the extent a response is required, Tal Alexander denies the allegations set forth in paragraph 11.

## RESPONSE TO "PARTIES"

12. Tal Alexander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13. Tal Alexander denies the allegations contained in paragraph 13.

14. Tal Alexander admits the allegations contained in paragraph 14.

15. Tal Alexander admits the allegations contained in paragraph 15.

## RESPONSE TO "FACTUAL ALLEGATIONS"

16. The allegations contained in paragraph 16 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.

17. Tal Alexander denies the allegations contained in paragraph 17.

18. Tal Alexander denies the allegations contained in paragraph 18.

19. Tal Alexander denies the allegations contained in paragraph 19.

20. Tal Alexander denies the allegations contained in paragraph 20.

21. Tal Alexander denies the allegations contained in paragraph 21.

22. Tal Alexander denies the allegations contained in paragraph 22.

23. Tal Alexander denies the allegations contained in paragraph 23.

24. Tal Alexander denies the allegations contained in paragraph 24.

25. Tal Alexander denies the allegations contained in paragraph 25.

26. Tal Alexander denies the allegations contained in paragraph 26.

27. Tal Alexander denies the allegations contained in paragraph 27.

28. Tal Alexander denies the allegations contained in paragraph 28.

29. Tal Alexander denies the allegations contained in paragraph 29, except that he lacks knowledge or information sufficient to form a belief about what Plaintiff told YL.

30. Tal Alexander denies the allegations contained in paragraph 30.

31. Tal Alexander denies the allegations contained in paragraph 31.

32. Tal Alexander denies the allegations contained in paragraph 32.

33. Tal Alexander denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander denies the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander admits the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander admits that the complaint filed by Ms. Whiteman includes the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander admits that the complaint filed by Ms. Mandel includes the allegations contained in paragraph 37.

38. The allegations contained in paragraph 38 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39.

40. The allegations contained in paragraph 40 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander denies the allegations contained in paragraph 40.

41. The allegations contained in paragraph 41 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 do not mention or concern Tal Alexander. To the extent a response is required, Tal Alexander denies the allegations contained in paragraph 42.

43. Tal Alexander denies the allegations contained in paragraph 43.

**RESPONSE TO "FIRST CAUSE OF ACTION"**
**Violation of the Victims of Gender-Motivated Violence Protection Law,**
**N.Y.C. Admin. Code §§ 10-1101, et seq. ("VGMVPL")**

44. Tal Alexander refers to and reincorporates his responses to the allegations contained in paragraphs 1 through 43 with the same force and effect as if set forth fully herein.

45. The allegations contained in paragraph 45 constitute conclusions of law to which no response is required. To the extent that a response is required, Tal Alexander denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 constitute conclusions of law to which no response is required. To the extent that a response is required, Tal Alexander denies the allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no response is required. To the extent that a response is required, Tal Alexander denies the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no response is required. To the extent that a response is required, Tal Alexander denies the allegations contained in paragraph 48.

## PRAYER FOR RELIEF

Tal Alexander denies that Plaintiff has suffered any cognizable injury or damages entitling her to any legal recourse, denies that Plaintiff is entitled to any such relief, whether monetary, compensatory, punitive, declarative, equitable, costs, and/or fees relating to this matter, or in any other form sought by Plaintiff.

## GENERAL DENIAL

Unless explicitly admitted herein, Tal Alexander denies each and every allegation in the Complaint and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Tal Alexander alleges the following as separate affirmative defenses, without assuming the burden of proof where such burden is otherwise on the Plaintiff under applicable law. Tal Alexander reserves the right to add additional affirmative defenses as discovery proceeds.

### First Defense

The Complaint fails to state a claim against Tal Alexander on which relief may be granted.

### Second Defense

Plaintiff's claims are fabricated and barred by fraud.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

**Fourth Defense**

The alleged harm and damages sustained by Plaintiff, if any, are speculative.

**Fifth Defense**

Plaintiff has sustained no cognizable injury by reason of any wrongful conduct by Tal Alexander. Plaintiff makes only conclusory allegations of damages.

**Sixth Defense**

Plaintiff's alleged conduct did not cause any loss of revenue or income to Plaintiff. Plaintiff makes only conclusory allegations of economic harm and has not alleged any facts demonstrating actual pecuniary loss.

**Seventh Defense**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Tal Alexander, Plaintiff has failed to mitigate or minimize her alleged damages.

**Eighth Defense**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Tal Alexander, any injuries and/or damages sustained by Plaintiff, as alleged in the Complaint, all of which Tal Alexander denies, were proximately caused, in whole or in part, by Plaintiff's own actions.

**Ninth Defense**

Plaintiff's claims are barred because Tal Alexander was not the cause in fact or the proximate cause of her alleged injuries.

**Tenth Defense**

Plaintiff fails to state a claim for punitive damages. Moreover, any award of punitive damages would violate Tal Alexander's right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and under the New York State Constitution, to the extent that any such award is not proportionate to any compensatory damages. Any award of punitive damages would also violate Tal Alexander's right to protection from "excessive fines" under the Eighth Amendment of the United States Constitution and under the New York State Constitution.

**Eleventh Defense**

Tal Alexander, if liable at all, is not jointly liable to Plaintiff for the non-economic damages allegedly suffered by Plaintiff because Tal Alexander is 50% or less at fault for Plaintiff's alleged injuries and Tal Alexander is entitled to the protections of CPLR Article 16.

**Twelfth Defense**

The VGMVPL is unconstitutionally vague and broad as applied.

**Thirteenth Defense**

Plaintiff's claims are barred because Tal Alexander did not engage in conduct that would constitute a "crime of violence" as defined in NYC Administrative Code § 10-1103.

**Fourteenth Defense**

Plaintiff's claims are time barred because the limitations provision of the VGMVPL is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act, for which the lookback window closed on August 14, 2021, and November 24, 2023, respectively.

Tal Alexander is not knowingly waiving any affirmative defense and hereby expressly reserves the right to sever and/or to amend his Answer and include all such defenses as may become available or apparent during pretrial proceedings in this action.

Tal Alexander demands trial by jury.

**WHEREFORE**, Tal Alexander respectfully requests that this Court:

(a) Dismiss the Complaint in its entirety with prejudice;

(b) Award Tal Alexander the costs of defending against the suit, including reasonable attorneys' fees and expenses;

(c) Grant Tal Alexander such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, NY
July 15, 2024

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _/s/ Milton Williams_
Milton L. Williams
Deanna M. Paul
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
mwilliams@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*