UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| ANGELICA PARKER, | : | |
| Plaintiff | : | |
| | : | 24-CV-4813 (LAK) |
| | : | ORAL ARGUMENT REQUESTED |
| v. | : | |
| | : | |
| TAL ALEXANDER, ALON ALEXANDER and OREN | : | |
| ALEXANDER, | : | |
| Defendants. | : | |

------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF ALON ALEXANDER'S AND
OREN ALEXANDER'S MOTIONS TO DISMISS
THE COMPLAINT AND TO STRIKE SCANDALOUS
ALLEGATIONS FROM THE COMPLAINT**

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
ATTORNEYS FOR DEFENDANTS ALON
ALEXANDER AND OREN ALEXANDER
305 Madison Avenue
New York, New York 10165
(212) 922-1080

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

THE ALLEGATIONS IN THE COMPLAINT ................................................................... 3

LEGAL STANDARD ............................................................................................................. 5

LEGAL ARGUMENT ............................................................................................................ 6

    I.    Plaintiff's Case is Untimely Because
the 2022 VGMVPL Amendment is
Preempted By New York State Law .............................................................. 6

        A.  <u>The Courts Decision in Bellino v. Tallarico</u> ..................................... 6

        B.  <u>The Plaintiff's Claim is Time-Barred
Because the VGMVPL Claim Revival
Provision is Preempted by State Law</u> .............................................. 6

    II.   The 2022 VGMVPA Amendment Cannot
Be Applied Retroactively to Encompass the
Alleged Conduct of Oren Alexander ............................................................. 9

    III.  The Court Should Strike From the Complaint
Scandalous, Impertinent, and Immaterial Matter .................................... 11

CONCLUSION .................................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Jenkins*,
  2005 WL 6584554, at *1 (N.Y. Sup. Ct. Apr. 22, 2005) ............................................. 11

*Angelica Cecora v. Oscar De La Hoya*,
  2012 N.Y. Misc. LEXIS 1582 (Sup. Ct. NY County March 30, 2012), affirmed 965 N.Y.S.2d 464 (First Dept. 2013) ........................................................................................ 1-2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 5

*Bellino v. Tallarico*,
  2024 U.S. Dist. LEXIS 56345 (Feb. 21, 2024)(24-cv-0712)(LAK) ................... 2, 6, 10

*Brown v. Maxwell*,
  929 F.3d 41 (2nd Cir. 2019) ..................................................................................... 12

*Carmona v. Spanish Broadcasting System, Inc.*,
  2009 U.S. Dist. LEXIS 26479 * 30; 2009 WL 890054 (S.D.N.Y 2009)(LAK) ........ 12

*Consolidated Edison Co. v. Town of Red Hook*,
  60 N.Y.2d 99 (1983) .................................................................................................. 7

*Contrera v. Langer*,
  314 F. Supp. 3d 562 (S.D.N.Y. 2018) ........................................................................ 7

*DJL Rest. Corp. v. City of New York*,
  96 N.Y.2d 91 (2001) .................................................................................................. 7

*Gottwald v. Sebert*,
  40 N.Y.3d 240 (2023) ............................................................................................... 10

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009) ........................................................................................ 5

*Hayden v. Paterson*,
  594 F.3d 150 (2d Cir. 2010) ...................................................................................... 5

*Johnson v. Priceline.com, Inc.*,
   711 F.3d 271 (2d Cir. 2013) ............................................................................................... 5

*Lipsky v. Commonwealth United Corp.*,
   551 F.2d 887 (2d Cir. 1976) ............................................................................................. 12

*Louis v. Niederhoffer,*
   2023 LEXIS 227003, at *2 (S.D.N.Y. Dec. 19, 2023)................................................... 10

*Matter of Regina Metro. Co., LLC v. New York State Div. of Hous. & Community Renewal*,
   35 N.Y.3d 332 (2020) .............................................................................................. 8, 10

*Parker v. Bursor,*
   24-cv-245 (JGLC) (RFT) ................................................................................................ 2

*Stein v. Rockefeller Univ. Hosp.*,
   2024 LEXIS 1662 (N.Y. Cnty. Sup. Ct. May 23, 2024) ............................................... 11

## Statutes and Rules

C.P.L.R § 214 ........................................................................................................... 3, 7, 8

N.Y.C. Administrative Code § 10-1101 ............................................................................. 2

N.Y.C. Administrative Code § 10-1105 ............................................................................. 2

New York City Local Law 63/2018 § 47 .......................................................................... 2

Federal Rules of Civil Procedure, Rule 12(b)(6) ..................................................... *passim*

Federal Rules of Civil Procedure, Rule 12(f) ........................................................... 1, 3, 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANGELICA PARKER,                                          :

        Plaintiff                                        :

                                                         :        24-CV-4813 (LAK)

                                                         :        ORAL ARGUMENT
        v.                                               :        REQUESTED

                                                         :

TAL ALEXANDER, ALON ALEXANDER and OREN      :

ALEXANDER,                                                :

        Defendants.                                      :

------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF ALON ALEXANDER'S AND
OREN ALEXANDER'S MOTION TO DISMISS
THE COMPLAINT**

This memorandum of law is respectfully submitted on behalf of Defendants Alon Alexander and Oren Alexander (collectively the "Defendants") in support of their motions under Rule 12(b)(6), Fed.R.Civ.P. for an order dismissing the Complaint ("Compl.") with prejudice and pursuant to Rule 12(f), Fed.R.Civ.P. for an order striking scandalous allegations from the Complaint.

### INTRODUCTION

For the third time and under two different names, Plaintiff has sued different men claiming sexual misconduct. In the first action filed nearly thirteen years ago, *Angelica Cecora v. Oscar De La Hoya,* Index No. 112787/2011 (New York County), Plaintiff's claims were dismissed as frivolous, and she and her lawyer were sanctioned

1

by the court. *Cecora v. De La Hoya,* 2012 N.Y. Misc. LEXIS 1582 (Sup. Ct. NY County March 30, 2012), affirmed 965 N.Y.S.2d 464 (First Dept. 2013). In the second action, *Parker v. Bursor,* 24-cv-245 (JGLC) (RFT), her complaint was sealed by this Court following assertions by the defendant therein that Plaintiff had previously threatened to disclose salacious and false allegations for the purpose of destroying the defendant's personal and professional life. Now before this Court, Alon and Oren Alexander emphatically deny Plaintiff's allegations.

Plaintiff's claim in this case must be dismissed because it is time-barred for the reasons set forth by this Court in *Bellino v. Tallarico,* 2024 U.S. Dist. LEXIS 56345 (Feb. 21, 2024)(24-cv-0712)(LAK).

The instant complaint, filed in June 2024, alleges that Alon Alexander and Tal Alexander sexually assaulted Plaintiff in 2012 at an apartment in Manhattan, and that Oren Alexander somehow planned and facilitated that assault. Plaintiff's sole claim falls under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"). *See* N.Y.C. Administrative Code § 10-1101 *et seq*. The New York City Council (the "Council") enacted the VGMVPL in 2000 and established a seven-year statute of limitations for claims brought under the statute. N.Y.C. Admin. Code § 10-1105.[1] Therefore, Plaintiff was required to bring her claim under the VGMVPL by no later than 2019.[2] Plaintiff

---

[1] The original statute of limitations provision of the VGMVPL that was still in effect in 2012, § 9-905, was redesignated as § 10-1105 in 2018 when the VGMVPL was redesignated as a new chapter 11 of title 10 of the N.Y.C. Administrative Code by § 47, Local Law 63/2018.

[2] The original statute of limitations provision also provided that if a plaintiff was unable to bring a claim because of injury or disability resulting from the acts that gave rise to the claim under the VGMVPL, or because of infancy, the time to commence an action was extended to seven years after the inability to commence the action ceased. Plaintiff does not and cannot claim that these provisions apply herein. Indeed, as noted

2

alleges that her 2024 claim is nevertheless timely under a provision of the VGMVPL, enacted in 2022, that purported to revive otherwise time-barred VGMVPL claims if they were commenced not later than two years and six months after September 1, 2022. Compl. at ¶ 48. However, for the reasons set forth below, and as this Court has already concluded in *Tallarico, supra,* the 2022 claim revival provision of the VGMVPL is preempted by provisions of New York State law that occupied the field regarding the revival of civil claims derived from New York penal law provisions criminalizing sexual assaults. Under the claim revival provisions of the relevant New York State law, the New York Adult Survivors Act ("ASA") (C.P.L.R § 214-j), Plaintiff's window for bringing time-barred claims stemming from alleged criminal acts constituting sexual assaults closed on November 24, 2023. Accordingly, her complaint must be dismissed.

In addition, Oren Alexander argues that the VGMVPL claim must be dismissed as to him because the 2022 amendments that expanded the actionable conduct to encompass those who also "direct, enable, participate in, or conspire in the commission of" the crime of violence may not be applied retroactively. And both defendants argue, in the alternative, that scandalous allegations of the Complaint should be stricken pursuant to Rule 12(f), Fed.R.Civ.P.

## THE ALLEGATIONS IN THE COMPLAINT

Alon Alexander and Oren Alexander vigorously dispute Plaintiff's allegations against them but adopt them here solely for purposes of the motion to dismiss.

Plaintiff alleges that in the fall of 2012, Oren Alexander invited her to his home in New York City, 543 Broadway, Apartment 4m, where he lived with Alon and Tal

---

above, Plaintiff did file a sexual assault claim against another individual in 2012, albeit a frivolous one.

3

Alexander. Compl. ¶ 7. Plaintiff went there with her friend, YL. *Id.* at ¶ 18. When Plaintiff and YL arrived, Oren Alexander and Alon Alexander offered them ecstasy, which Plaintiff and YL declined. *Id.* at ¶ 19. Alon Alexander made drinks for Plaintiff and YL and then proceeded to start hitting on YL and groping her. *Id.* at ¶ 20. YL became extremely uncomfortable and afraid, and left the apartment, but stayed in the stairwell of the apartment building because she was concerned for Plaintiff's safety. *Id.* at ¶ 21.

Plaintiff alleges that Alon Alexander orally and vaginally raped Plaintiff. *Id.* at ¶ 23. Plaintiff claims that while Alon Alexander was vaginally raping Plaintiff, Tal Alexander proceeded to forcibly orally rape Plaintiff against her will despite her very clear verbal protests and inability to force him away on account of both her size and the fact that Alon Alexander was holding her down with his body weight. *Id.* Plaintiff alleges that once free from the weight of Alon Alexander, Plaintiff was able to successfully resist, and she left the apartment. *Id.* at ¶ 28.

With respect to Oren Alexander, Plaintiff includes only barebone allegations that he planned and facilitated the whole event, and that he sat and watched as she was raped by his brothers. *Id.* at ¶ 22, 25. She does not allege that Oren Alexander physically or sexually assaulted her.

Plaintiff alleges that Defendants' conduct constitutes a sexual offense as defined in Article 130 of the New York Penal Law. *Id.* at ¶ 47.

Included only to sensationalize her Complaint, Plaintiff references news reporting about the Defendants, which contain similarly false allegations against them and have no bearing on this case. Plaintiff alleges that on June 8, 2024, news broke that twin brothers Oren Alexander and Alon Alexander had been sued by two different

4

women alleging that they were raped by the brothers. *Id.* ¶ 1. Plaintiff further alleges that lawyers have made statements asserting that 30 other women have come forward to say that they too had been raped by one or both of the Defendants, i*d.* at ¶¶ 2, 38, and that news has spread of the Defendants' "penchant for raping women." *Id.* at ¶¶ 5, 40.

## LEGAL STANDARD

Defendants move to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." To survive such a motion to dismiss, "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). To determine plausibility, courts follow a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## LEGAL ARGUMENT

### I.

### PLAINTIFF'S CLAIM IS UNTIMELY BECAUSE THE 2022 VGMVPL AMENDMENT IS PREEMPTED BY NEW YORK STATE LAW

A. *The Court's Decision in Bellino v. Tallarico*

In *Bellino v. Tallarico, supra,* 2024 U.S. Dist. LEXIS 56345 (appeal pending), this Court addressed arguments on a motion to dismiss claims under the VGMVPL. The VGMVPL claims were based on allegations that the defendant sexually assaulted plaintiff in 1975. *Id*. This Court concluded that there were two independent grounds for granting the defendant's motion to dismiss. First, the Court concluded that the Complaint failed to allege a necessary element of the VGMVPL: that the defendant's alleged conduct presented a serious risk of physical injury to the plaintiff. *Id*. at *2-3. Second, the Court agreed that the claim revival provision of the VGMVPL enacted in 2022, was preempted by New York State's adoption of the Child Victims Act ("CVA") and the ASA. *Id*. at *3. Alon Alexander and Oren Alexander advance this second argument in support of their motion to dismiss the complaint with prejudice.

B. *Plaintiff's Claim is Time-Barred Because the VGMVPL Claim Revival Provision Is Preempted by State Law*

The instant Complaint alleges that Plaintiff was the victim of a sexual assault in 2012. In recognition of the fact that her claim would be time-barred under the original version of the VGMVPL, Plaintiff alleges that her claim is timely because of the 2022 amendment that revived time-barred claims as long as they were commenced no later than two years and six months after September 1, 2022. Compl. ¶ 48. Indeed, her

6

claim would certainly be time-barred but for the 2022 amendment. The VGMVPL itself provides for a seven-year statute of limitations. And the revival window created by New York's passage of the ASA, which revived time-barred claims for individuals eighteen or older for injuries caused by conduct constituting a sexual offense under Article 130 of the Penal Law, closed in November 2023. NY CPLR § 214-j.

It is well-settled that a court can address preemption arguments on a motion to dismiss. *Contrera v. Langer*, 314 F. Supp. 3d 562, 572 (S.D.N.Y. 2018). Plaintiff relies on a claim revival provision enacted by the Council that conflicts with a claim revival provision of the State. The State, in enacting the CVA (CPLR § 214-g) and the ASA placed an expiration date on when revived claims based on allegations of sexual assault could be brought. The Council's claim revival provision plainly conflicts with the limited window created by the State for these types of claims in that it permits claims to be filed, such as this one, that are filed after the State-mandated deadline. This conflict, alone, is a sufficient basis for invalidating a local law. *Consolidated Edison Co. v. Town of Red Hook*, 60 N.Y.2d 99, 105 (1983).

In concluding that a time-barred claim like the one brought by Plaintiff here cannot be revived by the claim revival provision of the VGMVPL, this Court substantially adopted the reasons set forth by the defendant in *Tallarico*. The defendant noted that state law may also preempt local law when it "legislates in a field for which the State Legislature has assumed full regulatory responsibility." *DJL Rest. Corp. v. City of New York,* 96 N.Y.2d 91, 95 (2001). The Legislature may articulate its intent to occupy a field by enacting a comprehensive and detailed regulatory scheme in a particular area such as by enacting the CVA and the ASA. The CVA and the ASA, taken together, clearly occupy the field regarding the revival of claims derived from sexual

7

assaults criminalized by the New York Penal Law. For example, the ASA, enacted in May 2022, applies to:

> *every civil claim or cause of action* brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older….

CPLR § 214-j (emphasis added). Further, the ASA applies to these actions "[n]otwithstanding any provision of law … to the contrary…." *Id.* Thus, the Council was precluded from enacting legislation regulating the same subject matter as the ASA (or CVA) unless it received clear and explicit authority to the contrary. *Id.* The Council certainly had no authority to revive time-barred claims in a manner that was inconsistent with the comprehensive statutory scheme enacted by the State. This is especially so given the long-standing admonition by the New York Court of Appeals that revival is an extreme exercise of legislative power that upsets the strong public policy favoring finality, predictability, fairness and repose served by statutes of limitations. *Matter of Regina Metro. Co., LLC v. New York State Div. of Hous. & Community Renewal,* 35 N.Y.3d 332, 371-372 (2020).

In short, the Council's attempted revival of claims like Plaintiff's in a manner that conflicts with the State's comprehensive statutory scheme is invalid. Plaintiff's claim is time-barred and her Complaint must be dismissed with prejudice.

## II.

## THE 2022 VGMVPA AMENDMENT CANNOT BE APPLIED RETROACTIVELY TO ENCOMPASS THE ALLEGED CONDUCT OF OREN ALEXANDER

Plaintiff's claim against Oren Alexander should also be dismissed for a second independent reason: the 2022 VGMVPL amendment which broadened the scope of culpable conduct beyond the actual perpetrator cannot be applied retroactively.

Under the original version of the VGMVPL, Plaintiff did not have a claim against Oren Alexander. Prior to 2022, the VGMVPL only provided a private right of action against one who "commits" a crime of violence, ie. the actual *perpetrators* who committed the crime of violence. Kirshner Decl., Exhibit B at 4 (emphasis added). ("In light of the void left by the [Supreme Court's] decision, this [Council] finds that victims of gender-motivated violence should have a private right of action against [the] *perpetrators* of offenses committed against them.") (emphasis added). Here, Plaintiff does not allege that Oren Alexander sexually abused or raped her; rather she alleges that he somehow "planned and facilitated" the coordinated sexual assault, and sat and watched as she was raped by his brothers. (Compl. at ¶¶ 6, 8, 22, 25). She also does not include any factual allegations for this conclusion, except that she claims Oren Alexander invited Plaintiff to his home and offered her ecstasy, which she declined. (*Id.* at ¶ 17, 19). The conduct alleged against Oren Alexander does not present a serious risk of physical injury.

In 2022, the VGMVPL was amended to broaden the statute's scope to provide a civil cause of action, except as otherwise provided by law, against any "party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." Kirshner Decl., Exhibit C at 2. It is only under this

9

amendment, which broadened the scope of culpable conduct, that Oren Alexander's alleged conduct is potentially encompassed by the VGMVPL, notwithstanding the arguments above.

However, as the 2022 VGMVPL created a new cause of action, broadening liability to those other than the actual perpetrators, such amendment cannot be applied retroactively against Oren Alexander for alleged conduct that occurred ten years prior to this amendment, in 2012. There is a "deeply rooted presumption against retroactivity [] based on [e]lementary considerations of fairness [that] dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Regina Metro. Co., LLC*, 35 N.Y.3d at 370 (internal citations omitted). For this reason, the New York Court of Appeals has emphasized that "[r]etroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) (internal citation omitted). Here, the VGMVPL does not contain any express or implicit language that it should be applied retroactively.

Applying these principles, this Court has already held that the VGMVPL should not be applied retroactively. In *Louis v. Niederhoffer*, this Court held that the VGMVPL, which creates a new substantive cause of action with a long statute of limitations, and does not provide for retroactive or immediate effectiveness, does not apply retroactively. No. 23-CV-6470-LTS, 2023 LEXIS 227003, at *2 (S.D.N.Y. Dec. 19, 2023) (internal citation omitted). In that decision, this Court also held that the fact that the VGMVPL was amended in 2022 "does not alter this conclusion." *Id*. Similarly, this Court in *Bellino v. Tallarico*, *supra*, in denying plaintiff's motion to amend her complaint, held that as the VGMVPL "was not enacted until approximately 25 years after the alleged

10

crime of violence occurred and *does not even purport to be retroactive*, the proposed amended complaint would fail to state a legally sufficient claim under the statute." Kirshner Decl., Exhibit D at 2 (emphasis added).

Likewise, New York State courts have held that the VGMVPL is not retroactive. *See e.g.*, *Adams v. Jenkins*, 115745/03, 2005 WL 6584554, at *1 (N.Y. Sup. Ct. Apr. 22, 2005) (VGMVPL is not the type of statute that would be given retroactive effect). More recently, in *Stein v. Rockefeller Univ. Hosp.*, 2024 LEXIS 1662, *8 (N.Y. Cnty. Sup. Ct. May 23, 2024), the Court held that the VGMVPL does not apply retroactively, explaining that "if given retroactive application, it would open non-perpetrators to potential liability where original [VGMVPL] had not done so."

### III.

### THE COURT SHOULD STRIKE FROM THE COMPLAINT SCANDALOUS, IMPERTINENT, AND IMMATERIAL MATTER

Plaintiff has inserted into the beginning of her Complaint a Preliminary Statement rife with scandalous, immaterial matter that should be stricken from the Complaint. The Complaint alludes to "news" reports that other women have filed lawsuits alleging that they had be raped by Oren Alexander and Alon Alexander and that "30 additional women came forward and reported that they too had been raped by one or both of the brothers." Compl. at ¶¶ 1-2, 38. The Complaint further alleges that Oren Alexander stepped down from his leadership position at the real estate firm he co-founded and that the firm later announced that it was cutting ties with him. *Id.* at ¶ 3. And finally, the Complaint alludes to "news" of the Alexander brothers' "penchant for raping women…." *Id.* at ¶¶ 5, 40. These scandalous allegations serve no legitimate

11

purpose. Plaintiff should not be permitted to enhance the credibility of her false allegations by resorting to smearing the defendants with "news" reports. They should be stricken from the Complaint pursuant to Rule 12(f), Fed.R.Civ.P.

To be sure, motions to strike are generally disfavored. *See, e.g., Carmona v. Spanish Broadcasting System, Inc.*, 2009 U.S. Dist. LEXIS 26479 * 30; 2009 WL 890054 (S.D.N.Y 2009)(08 Civ. 4475 (LAK)). "[O]rdinarily neither a district court nor an appellate court should decide to strike a portion of the complaint – on the grounds that the material could not possibly be relevant – on the sterile field of the pleadings alone." *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976)(internal citation omitted). However, as the Second Circuit has also recognized, this presumption against striking impertinent and immaterial allegations from a complaint is inapplicable to material that is also scandalous. *Brown v. Maxwell*, 929 F.3d 41, 51 n. 42 (2nd Cir. 2019). Here, Plaintiff has included allegations that there were news reports that themselves apparently included references to allegations by women other than plaintiff. These allegations are plainly not relevant to plaintiff's claims. *Ganieva v. Black,* 216 A.D.3d 424, 189 N.Y.S.3d 105, 106 (1st Dept. 2023)(The trial court should have granted defendant's motion to strike inflammatory scandalous allegations which employed rhetoric or detailed defendant's misconduct toward other women and were not necessary to establish any element of plaintiff's VGMVPL claim). They serve no legitimate purpose and improperly cast the defendants in a derogatory light.

## CONCLUSION

For the reasons stated in Point I above, the Complaint should be dismissed in its entirety with prejudice.  In addition, for the reasons stated in Point II above, the Complaint should be dismissed against Oren Alexander.  Alternatively, for the reasons stated in Point III above, the allegations in paragraphs 1 through 5, 38-40 should be stricken from the Complaint pursuant to Rule 12(f), Fed.R.Civ.P.

Dated:  New York, New York
       July 15, 2024

                              Respectfully submitted,

                              CLAYMAN ROSENBERG
                              KIRSHNER & LINDER LLP

By: _____
       Isabelle Kirshner
       Effie Blassberger
       Brian Linder
       305 Madison Avenue, Suite 650
       New York, NY 10165
       Tel: (212) 922-1080
       kirshner@clayro.com
       blassberger@clayro.com
       linder@clayro.com

       *Attorneys for Defendants Alon Alexander and Oren Alexander*