**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
ANGELICA PARKER,                                          :
                                                          :
                                    Plaintiff,            :    Civil Action No. 1:24-cv-04813
                                                          :    (LAK)
                        v.                                :
                                                          :
TAL ALEXANDER, ALON ALEXANDER and                         :
OREN ALEXANDER,                                           :
                                                          :
                                    Defendants.           :
------------------------------------------------------------ X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS ALON
ALEXANDER AND OREN ALEXANDER'S MOTION TO DISMISS THE COMPLAINT
AND STRIKE SCANDALOUS ALLEGATIONS FROM THE COMPLAINT**

**WIGDOR LLP**

Michael J. Willemin
Brooke Payton (admission pending)

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
bpayton@wigdorlaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

BACKGROUND .................................................................................................................. 1

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT ........................................................................................................................ 3

I.      THE MOVING DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED .......... 3

        A.      Legal Standard ................................................................................................ 3

        B.      The Materials the Moving Defendants Seek to Strike Are Relevant ...................... 3

II.     THE MOVING DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED ........ 5

        A.      Legal Standard ................................................................................................ 5

        B.      The VGMVPL ................................................................................................ 5

        C.      The CVA and ASA .......................................................................................... 6

        D.      The VGMVPL Amendments Cannot be Preempted By the CVA and/or ASA ...... 6

        E.      The Weight of the Judicial Authority Supports Plaintiff's Position ....................... 8

        F.      Bellino v. Tallarico is Not Controlling ................................................................ 11

III.    OREN'S MOTION TO DISMISS SHOULD BE DENIED ............................................ 12

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................. 5

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................. 5

Bellino v. Tallarico,
   No. 24 Civ. 0712 (LAK), 2024 WL 1344075 (Feb. 21, 2024) ................................. 11

Carroll v. Trump,
   660 F. Supp. 3d 196 (S.D.N.Y. 2023) ...................................................................... 4

Diesel Props S.r.L. v. Greystone Bus. Credit II LLC,
   No. 07 Civ. 9580 (HB), 2008 WL 4833001 (S.D.N.Y. Nov. 5, 2008) ...................... 3

Doe v. Gooding,
   No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y April 13, 2022) ........... 10, 11

Eckhart v. Fox News Network, LLC,
   No. 20 Civ. 5593 (RA), 2021 WL 4124616 ............................................................. 4

Engelman v. Rofe,
   144 N.Y.S.3d 20 (1st Dep't 2021) ................................................................... 8, 9, 10

Ganieva v. Black,
   216 A.D.3d 424 (1st Dep't 2023) .............................................................................. 4

In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,
   218 F.R.D. 76 (S.D.N.Y. 2003) ................................................................................ 3

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,
   739 F.3d 45 (2d Cir. 2013) ...................................................................................... 10

Lipsky v. Commonwealth United Corp.,
   551 F.2d 887 (2d Cir.1976) ................................................................................... 3, 4

Littlejohn v. City of New York,
   795 F.3d 297 (2d Cir. 2015) ...................................................................................... 5

Roe v. City of N.Y.,
   151 F. Supp. 2d 495 (S.D.N.Y. 2001) ...................................................................... 3

Sloup v. Loeffler,
    No. 05 Civ. 1766 (JFB) (JO), 2006 WL 767869 (E.D.N.Y. Mar. 13, 2006) .............................. 3

Winfield v. Citibank, N. A.,
    No. 10 Civ. 7304 (JGK), 2012 WL 266887 (S.D.N.Y. Jan. 30, 2012) ....................................... 3

## Statutes

N.Y. Code § 10 ......................................................................................................................... 10

N.Y. Penal Law 105.00-105.35 ............................................................................................... 12

N.Y. Penal Law 115.00............................................................................................................. 12

## Rules

CPLR 214(2) ............................................................................................................................... 9

CPLR § 201 ................................................................................................................................. 9

CPLR § 214-g ............................................................................................................................. 6

CPLR § 214-j .......................................................................................................................... 6, 7

CPLR §§ 215(3) and 214(2) .............................................................................................. 8, 9, 10

Federal Rule of Evidence ("FRE") 415 ................................................................................. 4, 5

## Other Authorities

N.Y.C. Admin. Code §§ 10-1104 ............................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Angelica Parker ("Plaintiff" or "Ms. Parker") submits this Memorandum of Law in Opposition to the Motion to Dismiss the Complaint and to Strike Scandalous Allegations from the Complaint ("Def's Br.") filed by Defendants Alon Alexander ("Alon") and Oren Alexander ("Oren") (together, the "Moving Defendants"). For the following reasons, Plaintiff respectfully requests that the Moving Defendants' motion be denied in its entirety.

## BACKGROUND

In 2012, Plaintiff began a relationship with Oren Alexander. Dkt. No. 1-1 at ¶ 16. In the fall of 2012, Oren invited her to his home that he shared with his brothers, Alon and Tal. Id. at ¶ 17. Plaintiff brought her friend, YL. Id. at ¶ 18. Defendants offered Plaintiff and YL ecstasy, but they declined. Id. at ¶ 19. Alon made drinks for the women, proceeded to start hitting on YL and began to grope her. Id. at ¶ 20. YL became extremely uncomfortable and afraid, so she left the apartment. Id. at ¶ 21. However, she was fearful for Plaintiff, so she stayed in a stairwell of the apartment building. Id. After YL left, Plaintiff was brutally raped by Tal and Alon while Oren watched. Id. at ¶ 22. This was a coordinated sexual assault that was planned, facilitated and executed by Oren and his brothers. Id. at ¶¶ 23, 25.

This attack was not the first time that Defendants have been accused of sexually assaulting women. Id. at ¶¶ 34-43. In fact, Oren and Alon are currently facing two other lawsuits that describe eerily similar assaults as the one that Plaintiff experienced. Id. In the first suit, Plaintiff Kate Whiteman alleged that Oren and Alon took her against her will to a house where, according to the Complaint, she was "sexually assaulted, abused, raped, pinned, groped, harassed, battered, and fondled by defendants Alon and Oren." Id. In the second suit, Plaintiff

Rebecca Mandel alleged that Alon and Oren spiked her drink, took her to an apartment, held her down and raped her together.  Id.

Since the filing of this action, dozens of additional women have come forward with harrowing accounts of being raped by one or more of the Alexander brothers.  See https://www.curbed.com/article/oren-alexander-tal-alexander-brothers-luxury-real-estate.html; https://www.nytimes.com/2024/07/24/realestate/tal-oren-alexander-sexual-assault.html; https://www.nytimes.com/2024/07/24/realestate/tal-oren-alexander-sexual-assault.html.  Moreover, it has been widely reported that the Federal Bureau of Investigation is investigating the Alexander brothers for sex offenses dating back to their time in high school.  See https://www.wsj.com/us-news/fbi-probing-rape-allegations-against-star-real-estate-brokers-482fbab9; https://www.thedailybeast.com/millionaire-realtor-alexander-brothers-probed-by-fbi-over-rape-allegations; https://www.curbed.com/article/oren-alexander-tal-alexander-brothers-luxury-real-estate.html.[1]

---

[1]     The Moving Defendants' references to other litigations brought by Ms. Parker are misleading and irrelevant to their motion.  They serve only to slander Ms. Parker, as they obviously have no bearing on the outcome of this motion.  Suffice it to say that the De La Hoya matter should never have been dismissed in its entirety.  Any reasonable person reading the decision regarding the battery and assault causes of action would conclude that they should have survived the motion to dismiss.  Moreover, the sanctions issued in that case – a decade ago - were the result of the poor advice of Ms. Parker's attorney (now disbarred), and not because she was found to have lied about anything.  The second case referenced by the Moving Defendants is still pending.  The reason that the complaint in that case remains under seal is not because of any misconduct by Ms. Parker.  Rather, the defendant in that case, Scott Bursor, made a futile motion to seal that was denied by Magistrate Judge Robyn F. Tarnofsky.  We firmly expect that Mr. Bursor's futile objection to that decision will be rejected by the District Court in due course, at which point the complaint in that action will be unsealed.  Most importantly, the notion that someone alleging a sexual assault should somehow be disbelieved because she has been a victim more than once is antiquated, offensive and, again, irrelevant to this motion.  The inclusion of this information in the motion was frivolous.

## ARGUMENT

I. **THE MOVING DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED**

A. **Legal Standard**

The law in this circuit is clear that motions to strike are disfavored and rarely granted. See Winfield v. Citibank, N. A., No. 10 Civ. 7304 (JGK), 2012 WL 266887, at * 9 (S.D.N.Y. Jan. 30, 2012) ("[m]otions to strike are generally disfavored, and should be granted only when there is a strong reason for doing so"); In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("[g]enerally, motions to strike are viewed with disfavor and infrequently granted"). As a result, a party moving to strike has a high burden and must demonstrate that: "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." Roe v. City of N.Y., 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). The court must "deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike." Diesel Props S.r.L. v. Greystone Bus. Credit II LLC, No. 07 Civ. 9580 (HB), 2008 WL 4833001, at *4 (S.D.N.Y. Nov. 5, 2008). "It is not the job of the [c]ourt to micro-manage pleadings and the Second Circuit has stated that 'the courts should not tamper with the pleadings unless there is strong reason for so doing.'" Sloup v. Loeffler, No. 05 Civ. 1766 (JFB) (JO), 2006 WL 767869, at *3 (E.D.N.Y. Mar. 13, 2006) (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir.1976)).

B. **The Materials the Moving Defendants Seek to Strike Are Relevant**

The Moving Defendants seek to strike allegations concerning their predilection for sexual assault. Def's Br. at p. 12. To be clear, there is no requirement that Plaintiff establish that these

allegations are relevant in order to avoid them being stricken.  See Lipsky, 551 F.2d at 893

("[O]rdinarily neither a district court nor an appellate court should decide to strike a portion of

the complaint on the grounds that the material could not possibly be relevant on the sterile field

of the pleadings alone") (internal citation omitted).  That said, there is no question that the

allegations are relevant in this case.

     First, Federal Rule of Evidence ("FRE") 415 expressly states that "[i]n a civil case

involving a claim for relief based on a party's alleged sexual assault . . . , the court may admit

evidence that the party committed any other sexual assault."  See also Carroll v. Trump, 660 F.

Supp. 3d 196, 200-208 (S.D.N.Y. 2023) (LAK) (deeming various evidence admissible to FRE

415).

     Second, the allegations are relevant to establish that the Moving Defendants acted

pursuant to a pattern and practice.  Eckhart v. Fox News Network, LLC, No. 20 Civ. 5593 (RA),

2021 WL 4124616, at *26 (S.D.N.Y. Sept. 9, 2021("Eckhart's allegations concerning

anonymous witnesses and non-Fox News employees [who also alleged that Henry engaged in

sexual misconduct] are relevant to her claim of sexual harassment because they contribute to her

argument that Henry acted pursuant to a pattern.").

     Third, the decision in Ganieva v. Black, 216 A.D.3d 424, 425 (1st Dep't 2023) is

inapposite.  To begin, the decision was rendered pursuant to New York State law, rather the FRE

(particularly FRE 415) and Federal Rules of Civil Procedure ("FRCP").  Moreover, the court

expressly held that the decision on the motion was not intended to "judge whether matters will be

discoverable or admissible at trial."  Ganieva, 216 A.D.3d at 425.  In other words, the court did

not hold that the allegations at issue – at least as they related to misconduct towards other women

– were irrelevant.  Given that the allegations at issue here *are* relevant (and admissible pursuant to FRE 415), they cannot be stricken under the applicable federal standards.

## II.  THE MOVING DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### A.  Legal Standard

On a motion to dismiss for failure to state a claim, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor."  Littlejohn v. City of New York, 795 F.3d 297, 307 (2d Cir. 2015).  The complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### B.  The VGMVPL

In 2000, the New York City Council adopted the Victims of Gender-Motivated Violence Protection Law ("VGMVPL") to create a civil cause of action for a "crime of violence motivated by gender."  N.Y.C. Admin. Code §§ 10-1104-1105(a).  The law required that a claim be asserted "within seven years after the alleged crime of violence motivated by gender occurred." Id.  The law provides for specific types of relief, like compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs and other remedies as a court may deem appropriate.  Id.  Ultimately, in 2022, the New York City Council amended the VGMVPL to revive claims that had already expired, so long as those claims were filed between March 1, 2023 to March 1, 2025.  Id.

Importantly, however, the 2022 amendment was not passed for the sole purpose of extending a statute of limitations. The 2022 Amendment also changed the category of potential defendants liable under the law, from "individual" to "party," thereby opening up liability for non-individuals that "commit[ ], direct[ ], enable[ ], participate[ ] in, or conspire[ ] in the commission of a crime of violence motivated by gender." Nothing about the Amendment changes the fact that the VGMVPL constitutes its own cause of action, **separate and apart from any common law or other statutory claims**, under which plaintiffs like Ms. Parker may bring claims.

### C.    The CVA and ASA

As noted by the Moving Defendants, the Child Victims Act ("CVA") was enacted by the New York State Legislature in 2019, reviving the statute of limitations for civil claims related to sexual offenses committed against minors. CPLR § 214-g. The CVA had originally allowed previously expired claims to be commenced between August 14, 2019 and August 14, 2020, but the lookback was extended to August 14, 2021 due to the COVID-19 pandemic. Id. Then, in May 2022, the State Legislature enacted the Adult Survivors Act ("ASA"), which paralleled the CVA except that it applies to sexual offenses committed against persons 18 years or older at the time of the offense. See CPLR § 214-j. The Adult Survivors Act window closed in November 2023. Id.

### D.    The VGMVPL Amendments Cannot Be Preempted By the CVA and/or ASA

In passing the CVA and ASA, the State Legislature never evinced an intent to make those statutes the exclusive remedy for people with time barred claims for sexual assault, and they certainly did not demonstrate an intent to make those statutes the exclusive remedy for people with time barred claims under the VGMVPL. Indeed, the behaviors covered by, on the one

6

hand, the VGMVPL, and, on the other, the CVA and ASA, do not even fully overlap. The VGMVPL prohibits all gender motivated violence in New York City. The CVA and ASA apply only to claims involving sexual assault and, critically, did not actually create any causes of action, let alone one that even could preempt the VGMVPL given the differing subject matters.

Moreover, the CVA and ASA specifically state that they apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." Id. The Moving Defendants' attempted reliance on this language demonstrates their fundamental misunderstanding of what it means, arguing that it somehow prohibited the City Council from extending the statute of limitations for claims under the VGMVPL. To the contrary, the proper reading of the quoted language is that the State Legislature wanted to make clear that claims covered by the CVA or ASA would be revived notwithstanding the existence of any provision of law with a *more restrictive* limitations period. The CVA and ASA were not intended to limit a plaintiff's ability to bring a timely claim under a law, such as the VGMVPL, with a *less restrictive* limitations period.

The Moving Defendants attempt to contort the CVA and ASA – both of which were passed to increase opportunities for victims of sexual assault to seek redress – into laws that prevent victims of gender motivated violence from seeking redress. This is not the law, which is clear from the countless legal commentaries regarding the 2022 VGMVPL Amendment, for example:

> Though the VGMVPL amendment is a revival statute like the ASA, the VGMVPL creates an independent cause of action under which a plaintiff has the right to sue, whereas the ASA only revives expired claims available under other laws. Because the VGMVPL creates its own cause of action, it provides for specific types of relief, including compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs, and other remedies as a court may deem appropriate. In

> contrast, the relief available under an action authorized by the ASA is limited to the
> remedies provided for under the primary law.[2]

(internal citations omitted).  Thus, despite the Moving Defendants' insistence, the State

Legislature has not "assumed full regulatory responsibility" over all claims of sexual assault in

New York.  Indeed, the CVA and ASA literally cannot fully occupy even the sexual assault field

– much less the much broader gender motivated violence field – because neither statute creates a

cause of action.

### E.    The Weight of the Judicial Authority Supports Plaintiff's Position

Significant and persuasive judicial precedent has already disposed of the Moving Defendants'

unpersuasive and nonsensical arguments.  Incredibly, the Moving Defendants fail to even

acknowledge the decision in Engelman v. Rofe, 144 N.Y.S.3d 20 (1st Dep't 2021).  In that case,

the Appellate Division addressed the issue of whether the VGMVPL's seven-year statute of

limitations was preempted by the statutes of limitations for assault and battery under New York

State law, specifically, CPLR §§ 215(3) and 214(2).  First, the court distinguished between the

conduct targeted by the VGMVPL compared to that targeted by the CPLR, finding that:

> [T]he legislative intent of the VGM was to create a civil rights
> remedy or cause of action such as in [the federal Violence Against
> Women Act], rather than to extend the statute of limitations for a
> particular class of assaults [as in the CPLR].

144 N.Y.S.3d at 25-26.  Second, the court focused on the clear rule in New York that local

antidiscrimination laws like those enacted by the New York City Council are generally not

preempted by state law, noting that "[t]he VGM's construct is consistent with the City's 'broad

policing power' to enact legislation to protect its residents from discrimination, including

gender-related violence."  Id. at 25.  Following these principles, the court in Engelman held that

---

[2]      See https://www.weil.com/-/media/mailings/employer_update_august-2022.pdf.

the VGMVPL was not preempted by the CPLR's limitations contained in § 215(3) and § 214(2). This was particularly true in light of CPLR § 201, which states that all of the times listed in CPLR Article 2 apply "unless a different time is prescribed by law." As the <u>Engelman</u> court held, therefore, "**[i]nasmuch as the VGM itself provides a different time than that prescribed in CPLR 214(2), the time prescribed in the VGM controls**." <u>Id.</u> at 26 (emphasis added).

It is highly unlikely that the Moving Defendants were unaware of the decision in <u>Engelman</u>, and likely failed to address it in their moving brief in the hopes of addressing it in their reply, thereby denying Plaintiff the opportunity to respond. Some defendants have argued that <u>Engelman</u> is distinguishable on the basis that it did not specifically address the 2022 Amendment to the VGMVPL. However, the <u>Engelman</u> court held that the purpose of the VGMVPL, by its very nature, was to create a civil remedy for victims of gender motivated violence and that the lengthier applicable statute of limitations was merely incidental to that fundamental purpose:

> Based on the foregoing, we find that the legislative intent of the VGM was to create a civil rights remedy or cause of action such as in VAWA, rather than to extend the statute of limitations for a particular class of assaults. Since the nature of the claim is for a civil rights violation (providing a remedy for those subjected to violence because of their gender), the seven-year limitations period provided in the Administrative Code is not preempted by the CPLR statute of limitations for assault claims.

144 N.Y.S.3d at 25-26. While the 2022 Amendment to the VGMVPL did have an impact on the relevant limitations periods, it too was not fundamentally a statute created for the purpose of extending the statute of limitations. Indeed, the 2022 updates to the VGMVPL included not just a change to the statute of limitations, but also, as noted *supra* at p. 6, other changes that collectively were designed to facilitate the purpose of the statute. There is no reason not to apply the sound

logic of <u>Engelman</u> to the Amendment, and therefore the Court should similarly find that the VGMVPL is not preempted by the CVA or ASA.

The decision in <u>Doe v. Gooding</u>, No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y April 13, 2022), is also instructive.  In <u>Gooding</u>, the plaintiff commenced her action on August 18, 2020, asserting a single cause of action pursuant to the VGMVPL based on her allegation that the defendant had sexually assaulted her on August 24, 2013.  The statute of limitations for bringing a claim under the VGMVPL is seven years, and thus she had filed timely.  <u>See</u> N.Y. Code § 10-1105(a) ("A civil action under this chapter shall be commenced within seven years after the alleged crime of violence motivated by gender occurred.").  The defendant in <u>Gooding</u> contended that the action should be dismissed because the VGMVPL, a New York City statute, conflicted with CPLR § 215(3), a New York State law.  The court in <u>Gooding</u> held that the First Department's decision in <u>Engelman</u> was controlling precedent:

> [T]he Court defers to the appellate court's holding that the VGM's seven-year statute of limitations is not preempted. The First Department in *Engelman* is the only Appellate Division to have considered the issue, and there is no indication that New York's Court of Appeals would decide otherwise.

<u>Gooding</u> at *2 (citing <u>Licci ex rel. Licci v. Lebanese Canadian Bank, SAL</u>, 739 F.3d 45, 48 (2d Cir. 2013) ("instructing federal district courts to defer to state intermediate appellate courts unless there are 'persuasive data' that the state's highest court would disagree")).  Further, the <u>Gooding</u> court held that <u>Engelman</u> reached the correct result, reasoning:

> [Defendant's] suggestion that the First Department overlooked principles of preemption law (that the lower court did not) is without merit.  To the contrary, *Engelman* rejected the exact argument that Defendant resurrects here:  that the CPLR implicitly preempts the VGM, even if it does not do so expressly.  The VGM has been on the books for over two decades since its passage in 2000, and Defendant has identified nothing that the state legislature has done during those decades—either expressly or implicitly—to preempt

the VGM's statute of limitations or bring it under the ambit of the
CPLR.

Id. at *3 (citations omitted).  Similarly, in the nearly two years since the 2022 Amendments were

passed, the New York Legislature has taken no steps to preempt those amendments, nor has any

statement been issued by the Legislature to suggest that the 2022 Amendments are preempted by

the CVA or ASA.

     **F.**     **<u>Bellino v. Tallarico is Not Controlling</u>**

Naturally, the Moving Defendants rely heavily on Your Honor's unpublished decision in

<u>Bellino v. Tallarico</u>, No. 24 Civ. 0712 (LAK), 2024 WL 1344075 (Feb. 21, 2024).  We respectfully

submit that the decision in <u>Bellino</u> is not controlling for various reasons.  First, the decision in

<u>Bellino</u> was on a motion to dismiss that was ***unopposed***.  As such, the Court did not have the

benefit of the arguments made herein – indeed, it did not have the benefit of any arguments at all.

Second, to the extent that Your Honor's decision in <u>Bellino</u> found that the VGMVPL was

preempted by state law, that finding was *dicta* because it was an alternative basis for dismissal that

was unnecessary to the disposition of the unopposed motion.  Third, the procedural posture of the

<u>Bellino</u> matter was unusual in that the plaintiff was unable to make a motion for reconsideration

because Your Honor granted the plaintiff the right to make a motion for leave to amend the

complaint.  Ultimately, in denying the leave to amend – after reviewing briefing on the issue of

preemption – Your Honor did not address the issue again but instead determined that the plaintiff's

claims were futile because the conduct at issue took place in 1975, 25 years prior to the passage of

the VGMVPL.  Id. at Dkt. No. 28.  That, and not preemption, was what ultimately disposed of the

<u>Bellino</u> matter.

**III.    OREN'S MOTION TO DISMISS SHOULD BE DENIED**

Oren argues that even if the VGMVPL is not preempted, he should be dismissed from the case because he did not perpetrate a crime of violence against Ms. Parker.  This argument completely ignores the breadth of even the pre-2022 Amendment version of the VGMVPL, which defined a crime of violence to include any "act[s] that would constitute a misdemeanor or felony against the person as defined in state or federal law . . . ."  Even Oren concedes that the Complaint alleges that he "planned," "coordinated" and "facilitated" Alon and Tal's rape of Ms. Parker.  Def's Br. at p. 10.  These allegations are sufficient to establish violations of various criminal statutes, including Criminal Facilitation in the Fourth Degree (N.Y. Penal Law 115.00) and Conspiracy (N.Y. Penal Law 105.00-105.35).

To the extent that the Court believes that the Complaint has failed to adequately allege Oren's participation in a "crime of violence," Plaintiff respectfully requests an opportunity to amend her Complaint to add additional factual allegations concerning his involvement.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny the Moving

Defendants' motion in its entirety.

Dated: August 16, 2024
      New York, New York               Respectfully submitted,

                                      **WIGDOR LLP**

                                      By: _____
                                          Michael J. Willemin
                                        Brooke Payton (admission pending)

                                      85 Fifth Avenue
                                      New York, New York 10003
                                      Telephone: (212) 257-6800
                                      Facsimile: (212) 257-6845
                                      mwillemin@wigdorlaw.com
                                      bpayton@wigdorlaw.com

                                      *Counsel for Plaintiff*