UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| ANGELICA PARKER, | : |
| Plaintiff | : |
| | :     24-CV-4813 (LAK) |
| v. | :     ORAL ARGUMENT |
| | :     REQUESTED |
| TAL ALEXANDER, ALON ALEXANDER and OREN | : |
| ALEXANDER, | : |
| Defendants. | : |

------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ALON ALEXANDER'S AND OREN ALEXANDER'S MOTIONS TO DISMISS THE COMPLAINT AND TO STRIKE SCANDALOUS ALLEGATIONS FROM THE COMPLAINT

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
ATTORNEYS FOR DEFENDANTS ALON
ALEXANDER AND OREN ALEXANDER
305 Madison Avenue
New York, New York 10165
(212) 922-1080

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

    I.    *Bellino v. Tallarico* is the Only Court to Address this Precise Issue, Correctly Deciding that the ASA and CVA Preempt the VGMVPL Claim Revival Window ................................................................................. 1

        A.  <u>The Court's Decision in *Bellino v. Tallarico* is Dispositive</u>.................................................................................. 2

        B.  <u>This Court in *Bellino v. Tallarico* Correctly Held that the ASA and CVA Revival Statutes Preempt the Claim Revival Window in the VGMVPL Amendment</u> .......................................... 4

        C.  <u>*Engelman v. Rofe* Predates the CVA, ASA, and VGMVPL, and Did Not Address the Issue Before this Court</u> ............................................................. 8

    II.   The Claims as to Oren Alexander Must Be Dismissed Because the VGMVPL Amendment is Not Retroactive ........................................................................... 9

    III.  Alternatively, This Court Should Strike Scandalous and Immaterial Matter From the Complaint ........................................... 9

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*14 Penn Plaza LLC v. Pyett*,
　556 U.S. 247 (2009) ................................................................................................ 2

*Albany Area Builders Ass'n v. Town of Guilderland*,
　74 N.Y.2d 372 (1989) .............................................................................................. 6

*Bellino v. Tallarico*,
　2024 U.S. Dist. LEXIS 56345 (Feb. 21, 2024)(24-cv-0712)(LAK) ................... *passim*

*Breest v. Haggis*,
　115 N.Y.S.3d 322 (1st Dep't 2019) .......................................................................... 7

*DJL Rest Corp. v. City of New York*,
　96 N.Y.2d 91 (2001) ................................................................................................ 6

*Doe v. Combs*,
　No. 1:23-cv-10628 (JGLC ....................................................................................... 2

*Doe v. Gooding*,
　2022 U.S. Dist. LEXIS 68607 ................................................................................. 8

*Doe v. Gross*,
　2024 U.S. Dist. LEXIS 140741 (S.D.N.Y. Aug. 7, 2024) ......................................... 7

*Engelman v. Rofe*,
　194 A.D.3d 26 (1st Dep't 2021) ............................................................................... 8

*Footbridge Ltd. Trust v. Countrywide Home Loans Inc.*,
　2010 U.S. Dist. LEXIS 102134 (S.D.N.Y 2010) .................................................... 10

*Garcia v. N.Y.C. Dep't of Health & Mental Hygiene*,
　31 N.Y.3d 601 (2018) ............................................................................................... 7

*In re Merrill Lynch & Co. Research Reports Sec. Litigation*,
　218 F.R.D. 76 (S.D.N.Y 2003) .............................................................................. 10

*K.W. v. Cnty. of Rockland*,
　2024 NY Slip Op 24128 (Rockland Cnty. Sup. Ct. Apr. 3, 2024) ........................... 5

*MacDonald, Sommer & Frates v. Cnty. of Yolo*,
　477 U.S. 340 (1986) ................................................................................................ 2

*Matter of Highway Superintendent Ass'n of Rockland, Inc. v. Town of Clarkstown,*
  54 N.Y.S.3d 60 (2d Dep't 2017) ................................................................................. 5

*Matter of Lansdown Entertainment Corp. v N.Y.C. Dep't of Consumer Affairs,*
  74 N.Y.2d 761 (1989) ................................................................................................. 5

*Parker v. Bursor,*
  24-cv-245 (JGLC) (RFT) ............................................................................................ 1

*Pyett v. Pa. Bldg. Co.,*
  498 F.3d 88 (2d Cir. 2007) ......................................................................................... 2

*Talbot v. Robert Matthews Distribution Co.,*
  961 F.2d 654 (7th Cir. 1992) .................................................................................... 10

*Troeger v. Ellenville Cent. Sch. Dist.,*
  2016 U.S. Dist. LEXIS 127652 (N.D.N.Y. Sep. 20, 2016) ......................................... 2

**Statutes and Rules**

Adult Survivor's Act, 2019 N.Y. Sess. Laws c. 203 (S.66A) ..................................... *passim*

Black's Law Dictionary (11th ed. 2019) ........................................................................ 5

Child Victims Act, 2019 N.Y. Sess. Laws c.11 (S.2440, A2683) ............................. *passim*

C.P.L.R § 214-g ............................................................................................................... 6

C.P.L.R § 214-j ............................................................................................................ 6, 7

N.Y.C. Administrative Code § 10-1103 ......................................................................... 9

N.Y.C. Administrative Code § 10-1107 ......................................................................... 4

## INTRODUCTION

Defendants Alon and Oren Alexander respectfully submit this reply memorandum in further support of their Motion to Dismiss.[1] Plaintiff's claims are time-barred and cannot be revived under the 2022 amendment to the VGMVPL ("VGMVPL Amendment") because its claim revival window, open until March 1, 2025, conflicts with the deadline set forth for the revival of claims in the ASA,[2] which was midnight on November 24, 2023, and as such is preempted. This result is buttressed by Your Honor's decision in *Bellino v. Tallarico*, which is the only Court to have addressed this precise issue, holding that the claim revival window in the VGMVPL Amendment is preempted by the CVA and ASA. No. 24-cv-0712 (LAK), 2024 U.S. Dist. LEXIS 56345 (Feb. 21, 2024) ("Feb 21st Order"). In addition, the Complaint must be dismissed in its entirety as to Oren Alexander because the VGMVPL Amendment is not retroactive and Plaintiff has not alleged that he committed a crime of violence. Plaintiff's Opposition resorts to the same smearing tactics as her Complaint, and which is the subject of the motion to strike, by including media reports about the Defendants that are well beyond the four corners of the Complaint and therefore completely irrelevant to the issues before this Court.

---

[1] Defendants hereby incorporate the defined terms as set forth in their opening brief. [Dkt No. 16]. "Motion to Dismiss" refers to Defendants' Motion and accompanying Memorandum of Law in Support of Alon Alexander's and Oren Alexander's Motions to Dismiss the Complaint and to Strike Scandalous Allegations from the Complaint, filed July 15, 2024. [Dkt. Nos. 15 and 16]. "Opposition" or "Opp. Br." refers to Plaintiff Angelica Parker's Memorandum of Law in Opposition to Defendants Alon Alexander and Oren Alexander's Motion to Dismiss the Complaint and Strike Scandalous Allegations From the Complaint, filed August 16, 2024. [Dkt. No. 20].

[2] Nothing prevented Plaintiff from timely filing the instant case under the ASA, as she was clearly aware of the ASA, having brought a case pursuant to the ASA against another party well before the ASA deadline expired. *See Parker v. Bursor,* 24-cv-245 (JGLC) (RFT).

1

I. **BELLINO v. TALLARICO IS THE ONLY COURT TO ADDRESS THIS PRECISE ISSUE, CORRECTLY DECIDING THAT THE ASA AND CVA PREEMPT THE VGMVPL CLAIM REVIVAL WINDOW**

A. *The Court's Decision in Bellino v. Tallarico is Dispositive*

Plaintiff's Opposition falsely asserts that "[s]ignificant and persuasive judicial precedent has already disposed of the Moving Defendants' unpersuasive and nonsensical arguments." (Opp. Br. at 8). Very much to the contrary, only one Court – specifically Your Honor's decision in *Bellino v. Tallarico*, has considered the precise issue before it now –whether the CVA and ASA preempt the claim revival window of the VGMVPL Amendment– and holding that they do. Ignoring the very precise and clear language used in this Court's Orders in *Bellino*, Plaintiff then falsely asserts that "to the extent that Your Honor's decision in *Bellino* found that the VGMVPL was preempted by state law, that finding was *dicta* because it was an alternative basis for dismissal that was unnecessary to the disposition of the unopposed motion." (Opp. Br. at 11).

Contrary to Plaintiff's argument, this Court in *Bellino* used very specific language, holding that "[s]econd, and *independent of the prior point*, the limitations provision of the VGMVP[L] is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act, substantially for the reasons set forth by the defendant." *Bellino v. Tallarico*, Feb 21st Order (emphasis added); *see also id.*, Order dated March 26, 2024 (ECF No. 18, at p. 2), Blassberger Decl., Exhibit 1 ("On February 21, 2024, the Court granted defendants' unopposed motion to dismiss the complaint *on each of two independent grounds*) (emphasis added). This Court's language is clear: dismissal based on preemption was an alternate holding, not dicta.[3]

---

[3] The Second Circuit has expressly stated, "[a]n alternative conclusion in an earlier case that is directly relevant to a later case is not dicta; it is an entirely appropriate basis for a holding in the later case." *Pyett v. Pa. Bldg. Co.*, 498 F.3d 88, 93 (2d Cir. 2007), *rev'd on other grounds sub nom. 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) (cited in *Troeger v. Ellenville Cent. Sch. Dist.*, 2016 U.S. Dist. LEXIS 127652, at *23 (N.D.N.Y. Sep. 20, 2016)); *see also MacDonald, Sommer & Frates v. Cnty. of*

2

In addition to misreading this Court's decision in *Bellino*, Plaintiff's remaining efforts to distinguish the case are unavailing. Plaintiff argues that "in denying the leave to amend – after reviewing briefing on the issue of preemption – Your Honor did not address the issue again but instead determined that the plaintiff's claims were futile because the conduct at issue took place in 1975, 25 years prior to the passage of the VGMVPL" and further arguing that retroactivity "and not preemption, was what ultimately disposed of the [*Bellino*] matter." (Opp. Br. at 11). In other words, Plaintiff argues that because this Court did not state for a *third* time that there were two independent reasons for dismissal, the previous two Orders where the Court did emphasize that point should be overlooked.

Moreover, Plaintiff's illogical position is belied by the fact that on March 6, 2024, and March 13, 2024, the plaintiff in *Bellino* did submit extensive briefing in support of her position that the VGMVPL was not preempted by the ASA and CVA, only for this Court to thereafter reaffirm that *both* retroactivity and preemption were two independent grounds for dismissal. On March 6, 2024, the *Bellino* plaintiff submitted a motion for reconsideration, and accompanying memorandum of law, arguing in part that the VGMVPL is not preempted by the CVA. *Bellino*, Memorandum of Law dated March 6, 2024 (ECF No. 13, at 15-19). This Court denied the *Bellino* plaintiff's motion for reconsideration because plaintiff had not cited any controlling decisions or data that it had overlooked. *Id.*, Order dated March 7, 2024 (ECF No. 14, at 1), LEXIS - 2024 U.S. Dist. LEXIS 40000. Undaunted, on March 13, 2024, the plaintiff in *Bellino* once again tried to compel a different result, this time by filing a motion and accompanying Memorandum of Law seeking leave to amend the complaint, and arguing that the VGMVPL was not preempted by the state claim revival statutes. *Id.,* Memorandum of Law dated March 13,

---

*Yolo*, 477 U.S. 340, 346 n.4(1986)) ("[S]ince the Superior Court did not rest its holding on only one of its two stated reasons, it is appropriate to treat them as alternative bases of decision [rather than dicta]").

3

2024 (ECF No. 16, at p. 9-11). And yet, after receiving both of these briefings from the *Bellino* plaintiff, this Court very clearly reiterated in its March 26, 2024 Order that "the Court [had] granted defendants' unopposed motion to dismiss the complaint *on each of two independent grounds*." *Id.*, Order dated March 26, 2024 (ECF No. 18, at p. 2), Blassberger Decl., Exhibit 1.

Finally, Plaintiff attempts to distinguish *Bellino* by pointing out that the decision in that case was unopposed. (Opp. Br. at 11). That argument ignores the points discussed above – the Court did have the opportunity to review the *Bellino* plaintiff's briefing regarding preemption and nonetheless denied plaintiff's motions for reconsideration and for leave to amend the complaint. And yet, five months later, Plaintiff now has that very opportunity to counter the reason and logic of this Court's decision in *Bellino* and her arguments amount to nothing more than misstating other precedents.

### B. This Court in Bellino v. Tallarico Correctly Held that the ASA and CVA Revival Statutes Preempt the Claim Revival Window in the VGMVPL Amendment

Plaintiff contends that the "State Legislature never evinced an intent to make [the CVA and ASA] the exclusive remedy for people with time barred claims for sexual assault." (Opp. Br. at 6)[4]. Plaintiff's argument seems to suggest that a local law is not preempted by state law unless the State Legislature explicitly states that it intends to preempt local legislation on the subject.

---

[4] Plaintiff also asserts that "the State Legislature has not 'assumed full regulatory responsibility' over all claims of sexual assault in New York," (Opp. Br. at 8), revealing a fundamental misunderstanding regarding the scope of Defendants' preemption argument. Defendants' argument concerns preemption for the *revival of claims* pertaining to sexual assault; the ASA and CVA preempt only the portion of the VGMVPL Amendment that revives claims for sexual assault, not the VGMVPL in its entirety. For these reasons, Plaintiff's emphasis on the fact that the VGMVPL created a cause of action and that the CVA and ASA did not create a cause of action (Opposition at 6), is likewise irrelevant. In finding that the claim revival provision is preempted, the remainder of the VGMVPL is unaffected. *See* N.Y.C. Admin. Code § 10-1107 (stating that if any "sentence, clause, phrase or other portion" of the VGMVPL is "declared… invalid," it "shall not affect the validity of the remaining portions of this law.").

Of course, that is not the law. Rather, the VGMVPL Amendment is preempted for two separate reasons: conflict preemption and implied field preemption.

First, and as discussed in the Motion to Dismiss, the ASA and CVA preempt the VGMVPL claim revival window because there are conflicting deadlines for reviving claims pertaining to sexual assault. (Motion to Dismiss at 7). "The crux of conflict preemption is whether there is a head-on collision between the [local] ordinance *as it is applied* and a state statute" *Matter of Highway Superintendent Ass'n of Rockland, Inc. v. Town of Clarkstown*, 54 N.Y.S.3d 60, 62 (2d Dep't 2017) (emphasis added). This is clearly the case here, as this Court recognized in *Bellino*. Plaintiff's deadline for reviving her claim under the ASA was midnight on November 24, 2023, compared with her deadline to revive her claim under the VGMVPL, which is March 1, 2025.

In attempting to argue to the contrary, Plaintiff asserts that the prefatory language of the CVA and ASA was intended to make clear that claims could be revived notwithstanding the existence of any provision of law with a more *restrictive* limitation period, rather than a more *expansive* period. (Opp. Br. at 7). However, "conflict preemption occurs when a local law prohibits what a state law explicitly allows, *or when a state law prohibits what a local law explicitly allows*." *Highway Superintendent Ass'n*, 54 N.Y.S.3d at 62 (citing, *inter alia*, *Matter of Lansdown Entertainment Corp. v N.Y.C. Dep't of Consumer Affairs*, 74 N.Y.2d 761, 762-763 (1989)) (emphasis added). Plaintiff's argument also ignores the plain meaning of the word "notwithstanding" and other relevant language in these state statutes. "Notwithstanding" means "despite; in spite of." Black's Law Dictionary (11th ed. 2019); *see also K.W. v. Cnty. of Rockland*, 2024 NY Slip Op 24128, ¶ 3 (Rockland Cnty. Sup. Ct. Apr. 3, 2024) (applying the Black's Law Dictionary definition of "notwithstanding" and finding that the "'notwithstanding' language [in the ASA] is prominent and remarkable"). In other words, the CVA and ASA make

5

clear that despite *any provision of law* which imposes a period of limitation to the contrary, "every civil claim or cause of action" pertaining to sexual offenses as defined in the penal law are revived for a finite period of time. *See* CPLR 214-j; CPLR 214-g. This point is further underscored by the deadlines created by the ASA and CVA. For example, the ASA states that a claim may be brought "*not later than* one year and six months after the effective date of this section." CPLR 214-j (emphasis added).[5] Allowing the Plaintiff to revive her claim under the VGMVPL, over 24 months after the effective date of the ASA, directly conflicts with the ASA.

Secondly, the ASA and CVA preempt the VGMVPL by field preemption, as state law clearly occupies the field pertaining to the revival of claims derived from sexual assaults criminalized by the New York Penal Law. (Motion to Dismiss at 7-8). The ASA's purpose was to "amend the civil practice law and rules, in relation to the statute of limitations for civil actions related to certain sexual offenses committed against a person eighteen years of age or older, reviving such actions otherwise barred by the existing statute of limitations and granting trial preference to such actions." *See* Adult Survivor's Act, 2019 N.Y. Sess. Laws c. 203 (S.66A).[6] It applied to "every civil claim or cause of action" pertaining to criminalized sexual offenses committed against such person who was 18 years or older. CPLR § 214-j.[7] And the State Legislature further demonstrated its intent by reviving such claims for a finite period of time.

Once the State Legislature has articulated its intent, a local government is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." *DJL Rest Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001) (internal citation and

---

[5] Similarly, the CVA states that a claim must be commenced "not earlier than six months after, and not later than one year and six months after the effective date of this section." CPLR § 214-g.

[6] The CVA contains nearly identical language, except that it applies to sexual offenses committed against people under eighteen years old. Child Victims Act, 2019 N.Y. Sess. Laws c.11 (S.2440, A2683).

[7] The CVA once again contains nearly identical language, except that it applies to sexual offenses committed against people under eighteen years old. CPLR § 214-g.

quotation marks omitted); *see Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute."). While the State Legislature "may expressly articulate its intent to occupy a field[,]" it may also do so implicitly: "[i]ntent to preempt the field may be implied from the nature of the subject matter being regulated and the purpose and scope of the state legislative scheme, including the need for state-wide uniformity in a given area." *Garcia v. N.Y.C. Dep't of Health & Mental Hygiene*, 31 N.Y.3d 601, 618 (2018) (internal citation and quotation marks omitted).

This "need for state-wide uniformity" is particularly evident here, where the ASA created a specific (and now lapsed) time period for the revival of civil claims arising out of alleged violations of particular, enumerated *state* statutes. Contrary to Plaintiff's argument (Opp. Br. at 6-7), the relevant "subject matter being regulated" is the revival of "*every* civil claim or cause of action"—whether cognizable under the common law or created by statute—that meets these criteria. CPLR § 214-j (emphasis added). And while Plaintiff is correct that not *every* potential VGMVPL claim derives from a sex offense under the New York Penal Law (Opp. Br. at 6-7), courts have repeatedly held that *every* instance of rape or sexual assault in New York City in violation of the Penal Law (which is conduct encompassed by the ASA, and is what Plaintiff alleges here) *would* give rise to a VGMVPL claim. *See, e.g.*, *Doe v. Gross*, 2024 U.S. Dist. LEXIS 140741, at *22 (S.D.N.Y. Aug. 7, 2024) (noting that, "where rape and sexual assault are alleged," the "animus" requirement under the VGMVPL is "inhere[nt]") (citing *Breest v. Haggis*, 115 N.Y.S.3d 322, 330 (1st Dep't 2019)).[8]

---

[8] Under Plaintiff's view, a New York City plaintiff wishing to bring an otherwise-time-barred claim alleging rape or sexual assault under the state Penal Law has until March 1, 2025 to do so. And yet

C. *Engelman v. Rofe* Predates the CVA, ASA, and VGMVPL, and Did Not Address the Issue Before this Court

*Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021) dealt with an entirely different issue – whether the VGMVPL's seven-year statute of limitations was preempted by the state statute of limitations for assault and battery. In *Engelman*, the plaintiff asserted a cause of action under the VGMVPL, for which the seven-year statute of limitations applied, and did not rely on the 2022 VGMVPL Amendment or any state statute, to revive expired claims. Nor could the *Engelman* plaintiff, as the complaint in *Engelman* was filed in 2018, well-before the claim revival windows of the ASA, CVA, and VGMVPL. (*Id.* at Dkt. No. 1).

For these reasons, *Engelman* is not instructive.[9] First, as *Engelman* predated the ASA and CVA claim revival windows, the Court's observation in *Engelman* that "the State did not evince an intent to occupy the field with respect to the VGM[VPL]" is irrelevant to the issue here. *Engelman v. Rofe*, 194 A.D.3d at 28. Here, and as discussed above, the passage of the CVA and ASA did evince the Legislature's intent to occupy the field pertaining to *claim revival* for sexual assault claims. Second, as the court in *Doe v. Gooding*[10] emphasized in relying on *Engelman v. Rofe* to address the issue of whether the one year statute of limitations in the CPLR preempted the seven year statute of limitations in the VGMVPL, it needed to "distinguish[] between the conduct targeted by each law, reasoning that 'the legislative intent of the VGM[VPL] was to

---

a plaintiff in any of the other 57 counties of this state who wished to bring a claim alleging the same violation of the same state statutes must have done so before November 24, 2023. This is precisely the sort of discrepancy that the Legislature sought to avoid by enacting a uniform, state-wide claim revival statute: the ASA.

[9] Moreover, this Court, in *Bellino*, already considered *Engelman v. Rofe* and *Doe v. Gooding* in dismissing the case based on preemption. *See* Feb 21st Order at 3 (referencing pages 13-16 of defendant's motion to dismiss discussing the preemption rulings in these cases).

[10] The Court in *Gooding* did not discuss, or need to consider, whether the ASA and CVA preempted the VGMVPL's claim revival statute, as the plaintiff did not rely on a claim revival provision. 2022 U.S. Dist. LEXIS 68607, *3.

8

create a civil rights remedy or cause of action [], *rather than* to extend the statute of limitations for a particular class of assaults.'" 2022 U.S. Dist. LEXIS 68607, *4 (emphasis added). Here, the VGMVPL Amendment does precisely what the original version of the statute did not do; it created a lengthier claim revival window than the CVA and ASA, thereby extending the statute of limitations for a particular class of assaults. For these reasons, the CVA and ASA preempt the VGMVPL Amendment.

## II. THE CLAIMS AS TO OREN ALEXANDER MUST BE DISMISSED BECAUSE THE VGMVPL AMENDMENT IS NOT RETROACTIVE

Based on her failure to address retroactivity of the VGMVPL Amendment in her Opposition, Plaintiff purportedly concedes this point. And yet, Plaintiff does not, nor can she, allege that Oren Alexander's conduct is encompassed by the pre-2022 version of the VGMVPL. While Plaintiff alleges that Oren's conduct would constitute certain crimes under the New York Penal law, his alleged conduct is not a "crime of violence," as defined by the VGMVPL, because "*the conduct* [must] present[] a serious risk of physical injury to another" and must be "committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." N.Y.C. Admin. Code § 10-1103 (emphasis added). Here, the Complaint is entirely devoid of any factual allegations of how Oren's conduct posed a serious risk of physical injury to Plaintiff or any alleged animus based on her gender. As such, and on this basis alone, the Complaint must be dismissed in its entirety as to him.

## III. ALTERNATIVELY, THIS COURT SHOULD STRIKE SCANDALOUS AND IMMATERIAL MATTER FROM THE COMPLAINT

In Point III of the Motion to Dismiss, Defendants have sought an order striking certain scandalous allegations from the Complaint that allude to unspecified news reports of rape allegations against them by other mostly unnamed women. (*See*, *e.g.*, Complaint ¶¶ 1, 2, 5, 38). Plaintiff argues in response that allegations that the Defendants committed other sexual assaults

9

are relevant in this case.  (Opp. Br. at 3-4).  However, the allegations that Defendants seek to have stricken are not allegations by the Plaintiff.  Rather, the Defendants seek to strike Plaintiff's attempt to smear the Defendants by including references to allegations by others in pleadings and news reports.

The opening paragraphs of the Complaint allege that news reports indicated that the Defendants had been sued by two women alleging that they had been raped and that 30 additional women had come forward and reported that they too had been raped.  (Compl. ¶¶ 1, 2).  These scandalous and sensational allegations cannot possibly serve any legitimate purpose.  Courts in this Circuit have not hesitated to strike allegations that are based upon complaints in other actions that have not been resolved because such allegations are immaterial as a matter of law.  *See*, *e.g.*, *Footbridge Ltd. Trust v. Countrywide Home Loans Inc.*, 2010 U.S. Dist. LEXIS 102134 *14-15; 2010 WL 3790810 (S.D.N.Y 2010); *In re Merrill Lynch & Co. Research Reports Sec. Litigation*, 218 F.R.D. 76, 78 (S.D.N.Y 2003).  The allegations in paragraph 5, referring to "news of the Alexander brothers' penchant for raping women…," did not even make it into a pleading.  Similarly, paragraphs 38 and 40 contain sensational and scandalous accusations by anonymous individuals.  Simply put, these news reports contain anonymous accusations which bear no possible relation to this action and serve no purpose other than to impugn the character of the Defendants.  *See*, e.g., *Talbot v. Robert Matthews Distribution Co.*, 961 F.2d 654, 664-665 (scandalous matter based on rumor, investigative report, prior pleading stricken from complaint).  Thus, they should be stricken from the Complaint.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety with prejudice.

                      Respectfully submitted,

                      CLAYMAN ROSENBERG
                      KIRSHNER & LINDER LLP

Dated:  New York, New York
         August 23, 2024

               By:  */s/ Effie Blassberger*
                      Isabelle Kirshner
                      Effie Blassberger
                      Brian Linder
                      305 Madison Avenue, Suite 650
                      New York, NY 10165
                      Tel: (212) 922-1080
                      kirshner@clayro.com
                      blassberger@clayro.com
                      linder@clayro.com

                      *Attorneys for Defendants Alon Alexander and Oren Alexander*