# EXHIBIT A

# MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/24

| | |
|---|---|
| JEANNE BELLINO,<br><br>Plaintiff,<br><br>-against-<br><br>STEVEN VICTOR TALLARICO a/k/a STEVEN TYLER, an individual; and DOES 1 -DOE 50, whose identities are unknown to Plaintiff,<br><br>Defendants. | Case No. 1:24-cv-00712-LAK<br><br>**NOTICE OF MOTION TO AMEND COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff hereby moves the Court for leave to file an amended complaint. In support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law, dated March 13, 2024, and the exhibits annexed thereto; together with all of the prior pleadings and proceedings in this action.

Dated: March 13, 2024

    Respectfully submitted,

    */s/ Nahid A. Shaikh*_____
    Jeffrey R. Anderson
    Nahid A. Shaikh
    **JEFF ANDERSON & ASSOCIATES, P.A.**
    363 7th Ave., 12th Floor
    New York, NY 10001
    Telephone: (646) 759-2551
    Email: *Jeff@AndersonAdvocates.com*
    Email: *Nahid@AndersonAdvocates.com*

    *Counsel for Plaintiff*

<u>Memorandum Endorsement</u>　　　　　　　　　　　Bellino v. Tallarico, et al., 24-cv-0712 (LAK)

On February 21, 2024, the Court granted defendants' unopposed motion to dismiss the complaint on each of two independent grounds. The order (the "February 21 Order") required plaintiff to file any motion for leave to amend no later than March 13, 2024.

On March 6, 2024, plaintiff moved for reconsideration of the February 21 order. The Court denied that motion on March 7, 2024. Plaintiff then, on March 13, 2024, filed a motion for leave to amend the complaint. Undaunted, however, plaintiff kept on filing papers, specifically a March 22, 2024 notice of appeal from the February 21 Order.

"The filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed. We have previously noted that '[t]he divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. Hence, its application is guided by concerns of efficiency and is not automatic.' For example, district courts may retain jurisdiction notwithstanding appeal if the appeal is frivolous." *Carroll v. Trump,* 88 F.4th 418, 433 (2d Cir. 2023) (footnotes and some internal quotation marks omitted).

In this case, plaintiff's appeal from the February 21 Order plainly is frivolous in that appeals in the federal system typically lie only from final judgments or orders granting or denying injunctive relief. While there are some other narrow exceptions from the final judgment rule, plaintiff's appeal does not come within any of them. Accordingly, the motion for leave to amend is properly before the Court. Any opposition shall be filed no later than April 7. Any reply shall be filed no later than April 14.

Plaintiff shall filed a copy of her proposed amended complaint, redlined to show differences from the original complaint, no later than March 31, 2024. Further, if he has not already done so, plaintiff's counsel, on or before March 27, 2024, shall take all steps necessary to authorize and provide for electronic service of all papers on him.

SO ORDERED.

Dated:　March 26, 2024

　　　　　　　　　　　　　　　　　　　　　　　/s/　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge