**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANGELICA PARKER,

                  Plaintiff,

        v.

TAL ALEXANDER, ALON ALEXANDER
and OREN ALEXANDER,

               Defendants.

Case No.: 24-cv-04813 (LAK)

 

**DEFENDANT TAL ALEXANDER'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION PURSUANT TO FED. R. CIV. P. 12(C)**

Date:  September 25, 2024

**WALDEN MACHT HARAN & WILLIAMS LLP**
ATTORNEYS FOR DEFENDANT TAL ALEXANDER
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2030

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ......................................................................................2

LEGISLATIVE HISTORY .....................................................................................3

I.      The Victims of Gender-Motivated Violence Protection Law ("VGMVPL")....................3

II.     The Child Victims Act and Adult Survivor Act ..................................................4

      A.      Revival Provision of the Child Victim's Act: CPLR § 214-g .............................4

      B.      Revival Provision of The Adult Survivor Act: CPLR § 214-j................................5

      C.      The 2022 VGMVPL Amendment ..........................................................6

ARGUMENT .........................................................................................................6

I.      RULE 12(c) STANDARD .................................................................................6

II.     APPLICATION ...............................................................................................8

      A.      Plaintiff's Case Is Untimely Because the 2022 VGMVPL Amendment Is
            Preempted by New York State Law..............................................................8

      B.      Plaintiff's Claim Is Time-Barred Pursuant to *Bellino v. Tallarico* ......................11

III.    JUDICIAL NOTICE .........................................................................................12

      A.      Legal Standard ............................................................................12

      B.      The Court Should Take Judicial Notice of Exhibits to the Paul Declaration ........13

      C.      Exhibits 1 Through 3 to the Paul Declaration Are Civil Dockets and
            Materials Filed Therein that Are Properly Subject to Judicial Notice..................14

      D.      Exhibits 4 Through 7 to the Paul Declaration Are Legislative Materials
            that Are Properly Subject to Judicial Notice.....................................................15

      E.      Exhibits 8 and 9 to the Paul Declaration Are News Articles that Are
            Properly Subject to Judicial Notice......................................................16

CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Albany Area Builders Ass'n v. Town of Guilderland*,
74 N.Y.2d 372 (1989) ........................................................................... 9

*Bates v. Bristol-Myers Squibb Co.*,
No. 17-CV-1237, 2017 WL 5952903 (S.D.N.Y. July 26, 2017) ................................ 7

*Bellino v. Tallarico*,
No. 24-CV-0712, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ........................... passim

*Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
369 F.3d 212 (2d Cir. 2004) ................................................................. 14

*Breest v. Haggis*,
180 A.D.3d 83 (1st Dep't 2019) ............................................................. 4

*Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Loc. 537*,
47 F.3d 14 (2d Cir. 1995) .................................................................... 7

*Byrd v. City of New York*,
No. 04-CV-1396, 2005 WL 1349876 (2d Cir. June 8, 2005) .............................. 8, 13

*Carroll v. Trump*,
650 F. Supp. 3d 213 (S.D.N.Y. 2023) ........................................................ 5

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) ................................................................. 8

*Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*,
184 A.D.3d 197 (1st Dep't 2020) ............................................................ 9

*DJL Rest. Corp. v. City of New York*,
96 N.Y.2d 91 (2001) ...................................................................... 8, 9

*Doe v. Combs et al.*,
No. 23-CV-10628 (S.D.N.Y. June 7, 2024) ............................................ 12, 14, 15

*Doe v. Jones*,
No. 22-CV-644, 2022 WL 2065032 (E.D.N.Y. June 8, 2022) .................................. 4

*Doe v. New York City Board of Education*,
No. 21-CV-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) ............................... 5

iii

*Effie Film, LLC v. Pomerance*,
  909 F. Supp. 2d 273 (S.D.N.Y. 2012)...........................................................................13, 16

*Global Network Commc'ns, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006)........................................................................................14, 16

*Goe v. Zucker*,
  43 F.4th 19 (2d Cir. 2022) ................................................................................................15

*Greater Chautauqua Fed. Credit Union v. Marks*,
  No. 22-CV-2753, 2023 WL 2744499 (S.D.N.Y. Mar. 31, 2023) ......................................15

*Hayden v. Paterson*,
  594 F.3d 150 (2d Cir. 2010)................................................................................................7

*Hopkins v. Lincoln Trust Co.*,
  233 N.Y. 213 (1922) .........................................................................................................11

*In re Bank of Am. AIG Disclosure Sec. Litig.*,
  980 F. Supp. 2d 564 (S.D.N.Y. 2013), *aff'd*, 566 F. App'x 93 (2d Cir. 2014) ........................16

*Kelly v. New York*,
  No. 19-CV-2063, 2020 WL 7042764 (E.D.N.Y. Nov. 30, 2020) ...........................................14

*Kramer v. Time Warner, Inc.*,
  937 F.2d 767 (2d Cir.1991)................................................................................................14

*L–7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011)...........................................................................................7, 12

*LC Capital Partners, LP v. Frontier Ins. Group, Inc.*,
  318 F.3d 148 (2d Cir. 2003)..............................................................................................13

*Louis v. Niederhoffer*,
  No. 23-CV-6470, 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) .............................................3

*Lynch v. City of New York*,
  952 F.3d 67 (2d Cir. 2020)..................................................................................................7

*Madonna v. United States*,
  878 F.2d 62 (2d Cir. 1989)..................................................................................................7

*Mayor of City of New York v. Council of City of New York*,
  4 Misc. 3d 151 (Sup. Ct. 2004)...........................................................................................9

*Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*,
  No. 18-CIV-2442, 2019 WL 4640219 (S.D.N.Y. Sept. 24, 2019) ...........................................13

iv

*Oawlawolwaol v. Boy Scouts of Am.*,
    No. 21-CV-4714, 2021 WL 4355880 (E.D.N.Y. Sept. 24, 2021) ............................................. 4

*Oneida Indian Nation v. New York*,
    691 F.2d 1070 (2d Cir. 1982)........................................................................... 13

*Parker v. Bursor et al.*,
    No. 24-CV-245 (S.D.N.Y. Jan. 11, 2024)................................................. 1, 14, 15

*Patsy's Italian Rest., Inc. v. Banas*,
    575 F. Supp. 2d 427 (E.D.N.Y. 2008), *aff'd*, 658 F.3d 254 (2d Cir. 2011) ............................ 16

*PC-41 Doe v. Poly Prep Country Day Sch.*,
    590 F. Supp. 3d 551 (E.D.N.Y. 2021) ..................................................................... 4, 11

*Police Benevolent Ass'n of City of New York, Inc. v. City of New York*,
    40 N.Y.3d 417 (2023) .................................................................................................. 9

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
    35 N.Y.3d 332 (2020) ................................................................................................ 10

*Roberts v. Babkiewicz*,
    582 F.3d 418 (2d Cir. 2009)............................................................................... 7, 13

*Sheppard v. Beerman*,
    18 F.3d 147 (2d Cir. 1994)............................................................................................ 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...................................................................................................... 7

*Temple v. Hudson View Owners Corp.*,
    222 F. Supp. 3d 318 (S.D.N.Y. 2016)......................................................................... 7

*Town of Babylon, NY v. James*,
    707 F. Supp. 3d 213 (E.D.N.Y. 2023) ..................................................................... 15

*United States v. Morrison*,
    529 U.S. 598 (2000)...................................................................................................... 3

*Zherka v. Garland*,
    593 F. Supp. 3d 73 (S.D.N.Y. 2022)......................................................................... 13

## **Statutes**

N.Y.C. Admin. Code § 10-1101 *et seq.*...................................................................... 1, 3, 6, 12

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(6)....................................................................................................... 7

Fed. R. Civ. P. 12(c) ................................................................................................. 1, 6, 7, 12

Fed. R. Evid. 201(b)................................................................................................. 12, 15, 16

N.Y. C.P.L.R. 214-g ......................................................................................................... 4, 10

N.Y. C.P.L.R. 214-j ........................................................................................................... 5, 10

Defendant Tal Alexander respectfully submits this memorandum of law in support of his motion pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") for judgment on the pleadings.

## **PRELIMINARY STATEMENT**

Defendant Tal Alexander submits this Memorandum of Law in Support of his Motion for Judgment on the Pleadings pursuant to Rule 12(c).  Angelica Parker ("Plaintiff") is a professional plaintiff who has brought at least two other actions accusing individuals of sexual misconduct.  The first, filed in 2012, was dismissed after a New York State judge concluded the suit was frivolous.  Plaintiff's second lawsuit, filed in November 2023, was an eleventh-hour attempt to exploit the Adult Survivors Act ("ASA") revival statute, which expired days after she filed her suit.[1]

The gravamen of Plaintiff's claims in the instant Complaint is that she was sexually assaulted by Tal Alexander and Alon Alexander, and that the crime was orchestrated by their brother, Oren Alexander, who watched.  Compl. ¶¶ 23-28.  Although Plaintiff was aware of the ASA, and took advantage of its lookback window in unrelated litigation, she opted not to bring the case at bar before the ASA's one-year window to assert legal claims based on alleged sexual offenses expired.  Instead, nearly seven months after the ASA revival period closed, Plaintiff filed this untimely and baseless lawsuit, alleging one cause of action: a violation of the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code § 10-1101 *et seq*.  Under settled precedent, her claim is preempted by New York State law and time-barred for

---

[1] The case, filed on November 22, 2023, was removed from New York State Court and is current pending in the U.S. District Court for the Southern District of New York.  *Parker v. Bursor et al.*, No. 24-CV-245 (S.D.N.Y. Jan. 11, 2024).

the reasons set forth by this Court in *Bellino v. Tallarico*, No. 24-CV-0712, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024), *appeal pending*, No. 24-1885 (docketed Jul. 12, 2024).

Additionally, this Court should take judicial notice of the exhibits accompanying the Declaration of Deanna Paul ("Paul Decl."), which include: (1) civil dockets and documents filed publicly with the U.S. District Court for the Southern District of New York; (2) excerpts of legislative text from the New York City Council and the New York State Legislature; and (3) certain publicly available news articles regarding the New York ASA. The Court should take judicial notice of these documents because they constitute publicly available court filings, websites, and documents, the authenticity of which cannot be reasonably disputed, and to demonstrate that prior to filing the instant lawsuit, Plaintiff's Counsel was aware of the November 24, 2023 expiration of the ASA and this Court's decision in *Bellino v. Tallarico*.

For these reasons,[2] this Court should grant Tal Alexander's Motion for Judgment on the Pleadings and dismiss the Complaint with prejudice.

## STATEMENT OF FACTS

Plaintiff filed the Complaint in New York Supreme Court on June 18, 2024. She alleges that, in the fall of 2012, Tal Alexander forced her to perform oral sex and attempted to sexually assault and rape her. Compl. ¶¶ 23-27. The assault allegedly occurred at a Manhattan apartment, located at 543 Broadway, where she alleges Tal Alexander resided with Oren and Alon Alexander (collectively, "Co-Defendants"). Compl. ¶ 17.

Plaintiff's allegations attempt to paint Tal Alexander as a calculated predator with a "penchant" for sexual assault. Compl. ¶¶ 40, 41, 43. Discovery will ultimately show that the

---

[2] As well as the reasons stated by Defendants Oren and Alon Alexander in their Motion to Dismiss and Reply briefing, filed in this case on July 15, 2024 (ECF Nos. 15-17), and August 23, 2024 (ECF No. 20), respectively.

allegations are false, however, even assuming the truth of Plaintiff's allegations, the sole claim—brought under the VGMVPL—is fatally flawed as a matter of law and must be dismissed.

<u>**LEGISLATIVE HISTORY**</u>

I.    **The Victims of Gender-Motivated Violence Protection Law ("VGMVPL")**

The City of New York enacted the VGMVPL in 2000, following the U.S. Supreme Court decision in *United States v. Morrison*, which held that the Constitution offered no avenue for victims of gender-motivated violence to pursue federal claims against perpetrators of these offenses.  529 U.S. 598, 618 (2000) ("[W]e can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims.").  The New York City Council passed the VGMVPL, which created a private right of action for any victim of a crime of gender-motivated violence.  N.Y.C. Admin. Code §§ 10-1101, 1102 ("In light of the void left by the supreme court's decision, this council finds that victims of gender-motivated violence should have a private right of action against perpetrators of offenses committed against them under the administrative code.").  The VGMVPL created a statute of limitations period, requiring that a claim must generally be asserted within seven years after the alleged crime of violence motivated by gender occurred.  *Id.* at § 10-1105.

The City Council further underscored its legislative intent, noting that the VGMVPL "aims to resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress for injuries resulting from gender-motivated violence."  *Id.; see also Louis v. Niederhoffer*, No. 23-CV-6470, 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023) ("New York courts have relied on [the language in N.Y.C. Admin. Code § 10-1102] to conclude that the City Council was clearly filling a gap left by [the Violence Against Women Act's ("VAWA")] demise when it passed the GMV Law.") (internal quotations

3

omitted); *Breest v. Haggis*, 180 A.D.3d 83, 93 (1st Dep't 2019) ("[T]he City Council was clearly filling a gap left by VAWA's demise.").[3]

## II.    The Child Victims Act and Adult Survivor Act

### A.    Revival Provision of the Child Victim's Act: CPLR § 214-g

On February 14, 2019, New York State enacted the Child Victims Act ("CVA") (L. 2019 c. 11).  The CVA included a revival statute, CPLR § 214-g (L. 2019, ch. 11, § 12, eff. Feb. 14, 2019), which created a one-year claim revival period for actions arising from sexual offenses committed against minors, where the then-applicable statute of limitations had expired before the effective date.  CPLR § 214-g; *see also Doe v. Jones*, No. 22-CV-644, 2022 WL 2065032, at *2 (E.D.N.Y. June 8, 2022) ("[the CVA] extends the statute of limitations for civil actions brought by victims of child sexual abuse"); *PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp. 3d 551, 563 (E.D.N.Y. 2021) ("[T]he Legislature here identified a serious harm as well as a substantial barrier to timely filing by plaintiffs seeking redress – specifically that 'most survivors report or come to terms with their abuse' long after the abuse occurred.") (quoting N.Y. State Assembly Mem. Supp. Legislation, reprinted in Bill Jacket for 2019 S.B. 2440, Ch. 11, at 7 (Jan. 29, 2019)).  The lookback window opened on August 14, 2019, six months after the CVA was passed, and continued through August 14, 2020.  The Act was later extended through August 14, 2021.  *See* 2019 N.Y. Sess. Laws ch. 11, § 3; *Oawlawolwaol v. Boy Scouts of Am.*, No. 21-CV-4714, 2021 WL 4355880, at *1 n.1 (E.D.N.Y. Sept. 24, 2021).

---

[3] The Violence Against Women Act ("VAWA"), first passed by Congress in 1994, is a federal law designed to address the issue of violence against women, improve criminal justice responses, and increase the availability of services for victims of these crimes.

Claims covered by the CVA included any sexual offense under Article 130 of the Penal Law that was perpetrated against a victim before his or her 18th birthday. *See Doe v. New York City Board of Education*, No. 21-CV-4332, 2023 WL 2574741, at *3 (E.D.N.Y. Mar. 20, 2023) (explaining the background of the CVA). All other allegations remained time-barred by the applicable statute of limitations.

### B.    Revival Provision of The Adult Survivor Act: CPLR § 214-j

Three years later, in May 2022, the New York State Legislature passed the ASA, which created a one-year lookback window for individuals to assert claims arising from sexual offenses that they endured as adults, and that would otherwise be time-barred by the statute of limitations. L.2022, c. 203, § 1, eff. May 24, 2022. As this Court previously noted, "the Justification section of the committee report on S.B. No. 66, the bill that became the ASA, explicitly referred to the fact that adult survivors of sexual abuse had been subjected to injustice by 'New York's formerly insufficient statutes of limitations' and 'should be given the opportunity to seek civil redress against their abuser[s] ... in a court of law.'" *Carroll v. Trump*, 650 F. Supp. 3d 213, 222 (S.D.N.Y. 2023); Paul Decl. Ex. 5.

The ASA's revival statute, CPLR § 214-j, provided in relevant part:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older . . . which is barred as of the effective date of this section because the applicable period of limitation has expired . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

CPLR § 214-j.

The one-year revival period created by the ASA began on November 24, 2022, and closed on November 24, 2023.[4]  During that period, adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitations where injuries to a plaintiff arose from intentional or negligent conduct (1) that occurred when the plaintiff was 18 years or older and (2) which constituted a sexual offense under Article 130 of the Penal Law.  *Id.*

### C.    The 2022 VGMVPL Amendment

In January 2022, the New York City Council enacted an amendment to the VGMVPL (the "2022 Amendment").  The 2022 Amendment extended the statute of limitations for claims of gender-motivated violence from seven to nine years and created a two-year lookback window, effective as of March 2023, for victims of gender-motivated violence to file civil lawsuits.  N.Y.C. Admin. Code § 10-1105.  Under the 2022 Amendment, the VGMVPL revival period began on March 1, 2023, and closed on March 1, 2025.  The purpose of the 2022 Amendment was to "give survivors of gender-motivated acts of violence more time to pursue civil actions by extending the statute of limitations and clarify that the law applies to such acts committed by parties who direct, enable, participate in, or conspire in a gender-motivated act of violence."  Council of City of N.Y. Int. No. 2372-B, proposing amendment to N.Y.C. Admin. Code § 10-1105 [a] [Jan. 10, 2022].

### ARGUMENT

### I.    RULE 12(c) STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Under Rule 12(c), judgement is appropriate "if, from the pleadings, the moving party is entitled to judgment as a

---

[4] Additionally, in 2019, New York extended the statute of limitations for civil lawsuits alleging sexual misconduct, however that statute was not retroactive.  Paul Decl. Exs. 8 and 9.

matter of law." *Id.*; *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Loc. 537*, 47 F.3d 14, 16 (2d Cir. 1995). Motions under Rule 12(c) are decided under the same standard that would be applied to a Rule 12(b)(6) motion to dismiss.[5]  *See, e.g., Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim.") (cleaned up); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) ("In deciding a Rule 12(c) motion, we employ[ ] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).") (internal citations omitted); *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir. 1994) (same); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that a court may consider material that is appropriate for when ruling on a motion to dismiss). The Court therefore views the pleadings in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party. *See Hayden,* 594 F.3d at 160; *Madonna v. United States,* 878 F.2d 62, 65 (2d Cir. 1989) ("In evaluating a Rule 12(c) motion, the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party."). On a Rule 12(c) motion, the Court may consider "the complaint, the answer, any written documents attached to them," and—as discussed further in Section III, *infra*—"any matter of which the court can take judicial notice for the factual background of the case." *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 322 (S.D.N.Y. 2016) (citing *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)); *Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir. 2009) ("Because this matter comes to us on

---

[5] Courts may consider preemption arguments made in a motion to dismiss as well as in Rule 12(c) motions. *See Bates v. Bristol-Myers Squibb Co.*, No. 17-CV-1237, 2017 WL 5952903, at *2 (S.D.N.Y. July 26, 2017) (concluding that defendant's "preemption arguments may properly be considered" as part of a Rule 12(c) motion, which was filed after defendant filed an answer).

appeal from a judgment on the pleadings, we rely on the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."); *Byrd v. City of New York*, No. 04-CV-1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (stating that courts, in deciding a motion to dismiss, may "consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice").   Additionally, a complaint is considered to include a document "incorporated in it by reference," or "where the complaint relies heavily upon its terms and effect."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).

## II.    APPLICATION

Under the claim revival provisions of New York State's CVA and ASA, Plaintiff had until November 24, 2023 to file a time-barred claim arising from conduct constituting a sex crime under Article 130.  As this Court concluded in *Bellino v. Tallarico*, *infra*, the 2022 Amendment revival provision of the VGMVPL is preempted by state law.  As such, Plaintiff's claim is untimely, and the Complaint must be dismissed.

### A.    Plaintiff's Case Is Untimely Because the 2022 VGMVPL Amendment Is Preempted by New York State Law

A local law will be preempted where it is in direct conflict with a state statute (conflict preemption) or where the state legislature has indicated its intent to occupy the particular field (field preemption).  In cases of field preemption, state legislatures can occupy a field expressly or impliedly.  *See DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001) ("The State Legislature may expressly articulate its intent to occupy a field, but it need not.  It may also do so by implication.").  A state legislature's intent to occupy a field to the exclusion of local legislation can be implied from its "enactment of a comprehensive and detailed regulatory scheme in a

particular area, or from the nature of the subject matter being regulated and the purpose and scope of the state legislative scheme, including the need for state-wide uniformity in a given area." *Police Benevolent Ass'n of City of New York, Inc. v. City of New York*, 40 N.Y.3d 417, 423-24 (2023) (internal quotations omitted); *see also DJL Rest. Corp.,* 96 N.Y.2d at 95 (holding that field preemption may be implied where the state legislature "has enacted a comprehensive and detailed regulatory scheme in a particular area"); *Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*, 184 A.D.3d 197, 203 (1st Dep't 2020) ("The State's intent to preempt the field may be implied from the nature of the subject matter being regulated as well as the purpose and scope of the state legislative scheme involved, including the need for state-wide uniformity in a particular field or issue."). Where the state legislature enacts such a scheme, a local government cannot pass law concerning the same subject without explicit authority to the contrary. *See DJL Rest. Corp.,* 96 N.Y.2d at 95 ("In that event, a local government is precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary.") (internal quotations omitted); *Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute."); *Mayor of City of New York v. Council of City of New York,* 4 Misc. 3d 151, 162 (Sup. Ct. 2004) (concluding a local law that addressed "virtually the identical activity regulated by" state law was preempted in its entirety).

Taken together, the CVA and ASA clearly occupy the field regarding revival of claims stemming from criminal sexual offenses pursuant to Article 130 of New York Penal Law. There is ample evidence to demonstrate that the New York State Legislature intended the CVA and ASA to preempt local law. First, the CVA and ASA evince a general preemptive intent. Both

specifically state that their revival provisions apply "[n]otwithstanding *any* provision of law which imposes a period of limitation to the contrary." *Id.* (*emphasis* added). This language unequivocally aims to preclude further local regulation on limitations periods. Second, the CVA and ASA constitute a comprehensive regulatory scheme. The statutes cover persons under and over the age of 18 and their revival provisions apply to "every civil claim or cause of action" constituting a sex crime under New York law. *See* N.Y. C.P.L.R. §§ 214-g, 214-j (applying to "every civil claim or cause of action brought against any party alleging intentional or negligent act or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law. . ."). Third, rarely is it more important to have state-wide uniformity than with limitations periods, which ensure continuity in victims' ability to seek justice and defendants' due process rights. The New York State Legislature created a tailored window for revival of civil claims arising from alleged violations of enumerated state sex crimes. The New York City Council cannot upend this uniformity by fashioning a separate, inconsistent revival period for time-barred sexual assault claims that applies only in New York City.[6]

Finally, the Legislature has historically acted with care and clarity when interfering with the strong public policy favoring finality, predictability, and fairness served by statutes of limitations. *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 372 (2020). New York's Legislature and Court of Appeals recognize that revival is "an extreme exercise of legislative power" and take great pains to balance brief revival periods against the state's Due Process Clause. *Id.* at 372 (quoting *Hopkins v. Lincoln Trust Co.*, 233 N.Y. 213,

---

[6] In any of New York's other 61 cities, the deadline to file a lawsuit alleging the same violations of the same state laws was November 24, 2023.

215 (1922); *PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp. 3d 551, 564-65 (E.D.N.Y. 2021) (discussing length of revival window).  Significantly, prior to passing the ASA, the State Legislature extended the CVA lookback window from one to two years.  There is no doubt that it could have created a two-year revival provision for the ASA.  It chose not to.

The City Council had no authority to legislate in a manner that was inconsistent with the comprehensive statutory scheme enacted by the state or pass law regulating the revival of sexual assault claims.   Permitting the 2022 Amendment to override the revival window created by the ASA and CVA would undercut the policy considerations and efforts of the State Legislature. Accordingly, the 2020 Amendment is preempted by New York law, and Tal Alexander is entitled to judgment as a matter of law.

### B.    Plaintiff's Claim Is Time-Barred Pursuant to *Bellino v. Tallarico*

This Court has previously considered the precise issue now before it.  In *Bellino*, this Court granted a motion to dismiss claims brought under the VGMVPL on two independent grounds: (1) the Complaint failed to allege a necessary element of the VGMVPL, and (2) the VGMVPL's 2022 claim revival provision was preempted by state law.[7]  2024 WL 1344075, at *1.

The same rationale applies here.

Plaintiff alleges that Tal Alexander committed acts amounting to Criminal Sexual Act in the First Degree, P.L. 130.50, and Attempted Rape in the First Degree, P.L. 110/130.35.  Compl. ¶¶ 23-27.  These claims fall within the scope of the ASA and its revival provision.  Indeed, Plaintiff's claims would be time-barred but for the 2022 Amendment.  Plaintiff, however, failed to bring legal action against Tal Alexander during the ASA revival period, which closed November

---

[7] *Bellino* clearly states preemption as an independent and alternate ground for dismissal.  *Id.* ("Second, *and independent of the prior point*, the limitations provision of the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act.") (*emphasis* added).  Moreover, the Court repeated its holding in denying leave to amend based on futility.  Paul Decl. Ex. 1(a)-(c).

24, 2024. Instead, she filed the instant Complaint nearly seven months later, on June 18, 2024, during the period created by the 2022 Amendment.[8]

Consistent with settled principles of the preemption doctrine and this Court's decision in *Bellino*, a New York City local law cannot extend the claim revival period set by the New York State Legislature. Plaintiff filed her Complaint nearly seven months after the ASA lookback window had closed. Therefore, it is time-barred and cannot be revived by § 10-1105 of the VGMVPL. That provision "is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act." *Id.* The *Bellino* decision is dispositive and requires dismissal of Plaintiff's Complaint.

## III.    JUDICIAL NOTICE

### A.    Legal Standard

Rule 201 of the Federal Rules of Evidence authorizes the Court to take judicial notice of a fact that either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As discussed in Section I, *supra*, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), a court may consider material that is appropriate for judicial notice. *See L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (holding that on a Rule 12(c) motion, courts consider "the complaint, the answer, any written

---

[8] The Court should note that, in an unrelated VGMVPL litigation, Plaintiff's Counsel argued against *Bellino*, stating that the Court "conducted no analysis" and "cursorily determined—only in dicta as an alternative, secondary reason for granting defendants' motion to dismiss—that the VGMVPL's claim provision was preempted" by New York State law. *See* Memo. of Law in Oppo. to Def.'s Mot. to Dismiss Amended Compl., *Doe v. Combs et al.*, No. 23-CV-10628 (S.D.N.Y. June 7, 2024), at 8-9. And yet, in the very same briefing, Plaintiff's Counsel described the reason for dismissal as "not pre-emption." *Id.* at 9. Ten days later, Plaintiff's Counsel filed the instant Complaint. This underscores the need for a fulsome and firm ruling from this Court on the issue.

documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case"); *Roberts,* 582 F.3d at 419 (relying on "any matter of which the court can take judicial notice for the factual background of the case" in considering a motion for judgment on the pleadings); *Byrd* 2005 WL 1349876, at *1 ("A court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice.").

It is well recognized in this jurisdiction that courts may take judicial notice of legislative history, judicial opinions, and orders. *See Oneida Indian Nation v. New York*, 691 F.2d 1070, 1086 (2d Cir. 1982) ("When there is no dispute as to the authenticity of ... materials and judicial notice is limited to law, legislative facts, or factual matters that are incontrovertible, such notice is admissible."); *Zherka v. Garland*, 593 F. Supp. 3d 73, 75 n.3 (S.D.N.Y. 2022) ("The Court ... takes judicial notice of court documents and legislative histories, which is permissible on a Rule 12(b)(6) motion."). Matters of which judicial notice may be taken also include historical facts, articles, and reports, all of which show the information available in the public domain at the relevant time, and public documents, such as those filed in court. *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, No. 18-CV-2442, 2019 WL 4640219, at *5 (S.D.N.Y. Sept. 24, 2019) (taking judicial notice of, among other things, articles, as these are publicly available materials); *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 299 (S.D.N.Y. 2012) ("Rule 201 thus permits judicial notice of historical facts," and listing a range of judicially noticed historical facts); *LC Capital Partners, LP v. Frontier Ins. Group, Inc.,* 318 F.3d 148, 155 (2d Cir. 2003) (press coverage and prior litigation).

### B.      The Court Should Take Judicial Notice of Exhibits to the Paul Declaration

The documents identified in the Paul Declaration are properly subject to judicial notice, and the Court should consider them when ruling on Tal Alexander's Motion for Judgment on the

Pleadings.  The documents can be properly understood in three categories: (1) civil dockets and documents filed publicly with the U.S. District Court for the Southern District of New York; (2) excerpts of legislative text from the New York City Council and the New York State Legislature; and (3) certain publicly available news articles regarding the New York ASA.  The Court should take judicial notice of these documents because they constitute publicly available court filings,[9] websites, and documents, the authenticity of which cannot be reasonably disputed, and demonstrate that prior to filing the instant lawsuit, Plaintiff's Counsel was aware of the November 24, 2023 expiration of the ASA and this Court's decision in *Bellino v. Tallarico.*

### C.    Exhibits 1 Through 3 to the Paul Declaration Are Civil Dockets and Materials Filed Therein that Are Properly Subject to Judicial Notice

It is well-recognized that public documents, including documents filed in other courts, are suitable for judicial notice.  *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings.") (citation omitted); *Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) ("[W]e may also look to public records, including complaints filed in state court, in deciding a motion to dismiss."); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir.1991) ("[C]ourts routinely take judicial notice of documents filed in other courts ... to establish the fact of such litigation and related filings."); *Kelly v. New York*, No. 19-CV-2063, 2020 WL 7042764, at *1 (E.D.N.Y. Nov. 30, 2020) (taking judicial notice of state court records).

---

[9] Counsel for Plaintiff also appears on behalf of the plaintiff in both the *Combs* and *Bursor* actions.

Exhibits 1 through 3 are civil dockets, and materials filed therein, for cases pending in the U.S. District Court for the Southern District of New York.  Exhibit 1 includes the civil docket in the *Bellino* action, which was presided over by this Court, as well as the March 7, 2024 Order denying plaintiff's motion for reconsideration and the April 26, 2024 Memorandum Endorsement denying plaintiff's motion for leave to amend her complaint.  *Bellino* considered the precise issue now before it.  Exhibit 2(a)-(d) pertain to the *Combs* action, another VGMVPL litigation in the U.S. District Court for the Southern District of New York.  In *Combs*, plaintiff's counsel also represented the plaintiff and raised this Court's ruling in *Bellino* in his Opposition to Defendants' Motion to Dismiss the Amended Complaint.  Finally, Exhibit 3 is the civil docket in the *Bursor* Action, another VGMVPL matter filed by plaintiff's counsel on behalf of plaintiff; plaintiff's counsel filed the instant Complaint after briefing in the *Bellino* and *Combs* actions, and six months after filing the *Bursor* case on plaintiff's behalf.  Therefore, Exhibits 1 through 3 are properly subject to judicial notice under Federal Rule of Evidence 201(b).

### D.    Exhibits 4 Through 7 to the Paul Declaration Are Legislative Materials that Are Properly Subject to Judicial Notice

The Second Circuit has held that "as a fundamental matter, courts may take judicial notice of legislative history."  *Goe v. Zucker*, 43 F.4th 19, 29 (2d Cir. 2022); *Town of Babylon, NY v. James*, 707 F. Supp. 3d 213, 227 (E.D.N.Y. 2023) (taking judicial notice of the legislative materials in question); *Greater Chautauqua Fed. Credit Union v. Marks*, No. 22-CV-2753, 2023 WL 2744499, at *1 (S.D.N.Y. Mar. 31, 2023) ("Matters of which judicial notice may be taken include legislative history.")  Exhibits 4 through 7 include legislative materials from the New York City Council and the New York State Legislature that relate to the CVA, ASA, and VMGVPL, and are thereby subject to judicial notice.

**E.    Exhibits 8 and 9 to the Paul Declaration Are News Articles that Are Properly Subject to Judicial Notice**

Exhibits 8 and 9 are articles concerning the ASA that reflect information in the public domain and are properly subject to judicial notice under Federal Rule of Evidence 201(b).  Courts may take judicial notice of facts that various newspapers, magazines, and books published "as an indication of information in the public realm at the time." *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 299 (S.D.N.Y. 2012); *see also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (citation omitted); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013), *aff'd*, 566 F. App'x 93 (2d Cir. 2014) ("Matters of which judicial notice can be taken include press coverage establishing what information existed in the public domain during periods relevant to the plaintiffs' claims.").

Here, Exhibits 8 and 9 reflect information available on the internet, and "it is generally proper to take judicial notice of articles and Web sites published on the Internet." *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008), *aff'd*, 658 F.3d 254 (2d Cir. 2011).  In Exhibit 8, New York Sen. Brad Hoylman, who sponsored the ASA in the upper chamber, is quoted as stating that further expansion of the ASA filing window was a matter for the state legislature, not the courts, to take up.  Exhibit 9, which was authored by a member of the *Combs* legal team, describes the ASA as "a lookback window in which victims of sexual abuse would have an opportunity to pursue their legal remedies and make their stories public for the first time." Although the Court need not accept the content of these articles for the truth of the matter asserted, they do, however, demonstrate public understanding (and counsel's personal knowledge) of the ASA and its scope at the time of publication and throughout the case at bar.

For the foregoing reasons, Tal Alexander respectfully requests that the Court take judicial notice of the Exhibits included in the Paul Declaration.

## CONCLUSION

For the foregoing reasons, Tal Alexander respectfully requests that this Court grant his Motion for Judgment on the Pleadings and dismiss the Complaint, in its entirety, with prejudice.

Dated:   New York, New York       Respectfully submitted,
         September 25, 2024

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _____
Deanna M. Paul
Milton L. Williams
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2963
dpaul@wmhwlaw.com
mwilliams@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*