UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>                    Plaintiff,<br><br>       v.<br><br>TAL ALEXANDER, ALON ALEXANDER<br>and OREN ALEXANDER,<br><br>                    Defendants. | Case No.: 24-cv-04813 (LAK) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
TAL ALEXANDER'S MOTION PURSUANT TO FED. R. CIV. P. 12(C)**

Date:  October 14, 2024            **WALDEN MACHT HARAN & WILLIAMS LLP**
                                   ATTORNEYS FOR TAL ALEXANDER
                                   250 Vesey Street, 27th Floor
                                   New York, NY 10281
                                   (212) 335-2030

## **TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT ...............................................................................................................1

ARGUMENT............................................................................................................................................1

I.  *BELLINO V. TALLARICO*—THE ONLY CASE TO PREVIOUSLY RAISE THE PRECISE ISSUE NOW BEFORE THE COURT—IS DISPOSITIVE ...............................1

    A.  The *Bellino* Court Correctly Decided That the 2022 VGMVPL Amendment is Preempted by the CVA and ASA......................................................2

    B.  Plaintiff Cites Cases That Do Not Address the Precise Issue Before the Court ................................................................................................................3

    C.  Plaintiff's Other Arguments Concerning *Bellino* Lack Merit..................................7

II.  THE COURT SHOULD DISREGARD IRRELEVANT AND IMPROPER EVIDENCE PUT BEFORE THE COURT BY PLAINTIFF.............................................8

CONCLUSION.......................................................................................................................................10

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Albany Area Builders Ass'n v. Town of Guilderland*,
  74 N.Y.2d 372 (1989) ............................................................................................................. 5

*Bellino v. Tallarico*,
  2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ................................................................. passim

*Blanchette v. Conn. Gen. Ins. Corps.*,
  419 U.S. 102 (1974) ................................................................................................................ 9

*Cook v. Budget Rent-A-Car Corp.*,
  502 F. Supp. 494 (S.D.N.Y. 1980) ......................................................................................... 9

*Doe v. Black*,
  No. 23-CV-6418 (S.D.N.Y.) ......................................................................................... 4, 5, 7, 9

*Doe v. Gooding*,
  2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) ...................................................................... 3, 4

*Doe v. New York City Board of Education*,
  669 F. Supp. 3d 160 (E.D.N.Y. 2024) .................................................................................... 2

*Engelman v. Rofe*,
  194 A.D.3d 26 (1st Dep't 2021) ....................................................................................... 3, 4, 7

*Heintz v. Jenkins*,
  514 U.S. 291 (1995) ................................................................................................................ 9

*Hymowitz v. Eli Lilly & Co.*,
  73 N.Y.2d 487 (1989) ............................................................................................................. 5

*J.S.M. v. City of Albany Dep't of Gen. Servs.*,
  83 Misc. 3d 1082 (N.Y. Sup. Ct. 2024) ............................................................................... 3, 5

*MacDonald, Sommer & Frates v. Cnty. of Yolo*,
  477 U.S. 340 (1986) ................................................................................................................ 7

*New York Bankers Ass'n, Inc. v. City of New York*,
  119 F. Supp. 3d 158 (S.D.N.Y. 2015) ..................................................................................... 7

*New York City Health & Hosps. Corp. v. Council of City of New York*,
  303 A.D.2d 69 (1st Dep't 2003) .............................................................................................. 7

*People v. Diack*,
   24 N.Y.3d 674 (2015) .................................................................................................... 5, 6

*Pyett v. Pa. Bldg. Co.*,
   498 F.3d 88 (2d Cir. 2007), *rev'd on other grounds sub nom. 14 Penn Plaza LLC v. Pyett*, 556
   U.S. 247 (2009) .................................................................................................................. 7

*Segal v. New York Mil. Acad.*,
   No. 21-CV-6872, 2023 WL 5211220 (S.D.N.Y. Aug. 14, 2023) ...................................... 3

*Sibley v. KLM-Royal Dutch Airlines (Koninklijke Luchtvaart Maatschappij N.V.)*,
   454 F. Supp. 425 (S.D.N.Y. 1978) .................................................................................... 8

*Southeastern Comm. Coll. v. Davis*,
   442 U.S. 397 (1979) ........................................................................................................... 9

*Troeger v. Ellenville Cent. Sch. Dist.*,
   No. 15-CV-1294, 2016 WL 5107119 (N.D.N.Y. Sept. 20, 2016) ...................................... 7

*Wilkie v. Vill. of Hempstead*,
   No. 22-CV-920, 2023 WL 5952056 (E.D.N.Y. June 20, 2023) ......................................... 3

**Statutes**

N.Y. A.B. 2020-A.9036 ............................................................................................................... 6

N.Y. Gen. Mun. L. 50-i (5) .......................................................................................................... 6

N.Y. S.B. 2020-S.7082 ................................................................................................................. 6

**Rules**

22 NYCRR § 202.72 .................................................................................................................... 6

N.Y. C.P.L.R. 214-g ................................................................................................................. 1, 3

N.Y. C.P.L.R. 214-j .................................................................................................................. 1, 3

N.Y. C.P.L.R. 208(b) ................................................................................................................... 6

**PRELIMINARY STATEMENT**

Consistent with settled principles of the preemption doctrine and this Court's decision in *Bellino v. Tallarico*, a New York City Council local law cannot extend the claim revival period set by the New York State Legislature. Plaintiff filed her complaint nearly seven months after the deadline set by the State Legislature through the Child Victims Act ("CVA"), CPLR § 214-g, and the Adult Survivor Act ("ASA"), CPLR § 214-j. Therefore, it is time-barred and cannot be revived by the 2022 amendment to the Victims of Gender-Motivated Violence Protection Law ("2022 VGMVPL Amendment"). That provision "is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act." *Bellino v. Tallarico*, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024). The *Bellino* decision is dispositive and requires dismissal of Plaintiff's complaint.

Plaintiff opposes this result based on her flawed interpretation of statutory language and precedent. Neither line of argument is persuasive, and Plaintiff fails to offer another viable basis to overcome the straightforward application of preemption principles. In addition to being at direct odds with authority from this Court, Plaintiff misconstrues the very caselaw on which she purports to rely. Finally, Plaintiff's last-ditch appeal to the Court, asking it to accept a state lawmaker's affidavit as a new basis for her complaint to survive is also without merit. Plaintiff's claim must be dismissed with prejudice and Tal Alexander's Motion for Judgment on the Pleadings should be granted.

**ARGUMENT**

I.   ***BELLINO V. TALLARICO*—THE ONLY CASE TO PREVIOUSLY RAISE THE PRECISE ISSUE NOW BEFORE THE COURT—IS DISPOSITIVE**

As an initial matter, it is no surprise that Plaintiff packs the entirety of her response regarding *Bellino* into one paragraph on the final page of her opposition. Put simply, she would

prefer to avoid the core of Tal Alexander's motion: This Court previously ruled on the very issue now before it. Although Plaintiff may not like the Court's conclusion in *Bellino*—that the CVA and ASA preempt the 2022 VGMVPL Amendment—the same rationale applies. Indeed, the case for preemption is, arguably, even stronger here, where the Court *must* consider not only the CVA, but also the ASA, which is the New York State law that the allegations herein, if timely filed, would have been brought under.

### A. The *Bellino* Court Correctly Decided That the 2022 VGMVPL Amendment is Preempted by the CVA and ASA

*Bellino* is the only precedent that considers the CVA and ASA together, which is necessary to conduct a fulsome analysis of field and conflict preemption. In *Bellino*, this Court held that the 2022 revival provision of the VGMVPL was preempted by the revival provisions contained in New York State's CVA and ASA "substantially for the reasons set forth by the defendant." *Bellino*, at *1. The portion of the memorandum of law cited by the Court explains that the CVA and ASA "clearly occupy the field regarding the revival of claims derived from state penal sexual assault law." Reply Declaration of Deanna Paul ("Paul Reply Decl."), ¶ 3, Ex. 1, at 13-16.

Considering the CVA and ASA together, it is apparent that the New York State Legislature (1) intended to occupy the field, and (2) adopted a comprehensive scheme to do so, thereby preempting the 2022 VGMVPL Amendment. The plain language of these laws literally revives every claim where the conduct that caused injury amounted to a sexual offense under Article 130 of the New York Penal Law,[1] and covers persons both under and over the age of eighteen at the

---

[1] The CVA and ASA apply to approximately 20 crimes that are set forth in the New York Penal Law's sections on sex crimes (Article 130), including sexual assault, forcible touching, sexual abuse, and rape. However, nothing in the statutes requires that the cause of action include a sexual offense as a necessary element, so long as a sexual offense is the conduct that caused injury in this case. Courts have allowed CVA and ASA cases alleging intentional torts and causes of action under the Human Rights Law to proceed. *See, e.g., Doe v. New York City Board of Education*, 669 F. Supp. 3d 160, 165 (E.D.N.Y. 2024) ("[T]he plain language of the CVA embraces these civil claims [brought under the Human Rights Law]. The CVA revives "every civil claim or cause of action," language that definitively

2

time of the offense. CPLR §§ 214-g, 214-j. Both the CVA and ASA (and the CPLR sections they created) apply to "every civil claim or cause of action brought against any party alleging intentional or negligent acts" and "notwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. The statutes' references to "negligent" acts demonstrate not only that they were intended to be broader than merely allowing suits for the sexual offenses themselves, but also to provide for redress against both an abuse and the abuser's enablers. *See J.S.M. v. City of Albany Dep't of Gen. Servs.*, 83 Misc. 3d 1082, at *4-5 (N.Y. Sup. Ct. 2024). Additionally, the CVA and ASA allow for lawsuits against individuals and parties.[2] Indeed, hundreds of child and adult sex-crime victims have—collectively and separately—sued institutions, including New York's prisons, hospitals, school districts, and corporate employers under the CVA and ASA. *See, e.g., supra* n.1; Def. Mot. to Dismiss, Declaration of Deanna Paul ("Paul MJOP Decl."), Exs. 8 and 9. Lastly, the 2022 VGMVPL Amendment established a statute of limitations period that differed from and conflicted with the CVA and ASA. As a result, it is also preempted under a conflict preemption analysis. *See* Paul Reply Decl., ¶ 3, Ex. 1, at 13.

### B. Plaintiff Cites Cases That Do Not Address the Precise Issue Before the Court

Without compelling caselaw to support her position, Plaintiff leans heavily into a series of cases that either miss the mark or simply ignore the crux of the preemption argument. For example, *Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021), and *Doe v. Gooding*, 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022), neither address the question presented here nor support Plaintiff's

---

encompasses the NYSHRL and NYCHRL."); *Segal v. New York Mil. Acad.*, No. 21-CV-6872, 2023 WL 5211220, at *6 (S.D.N.Y. Aug. 14, 2023) (denying a motion to dismiss state law discrimination claims because they were not covered by the CVA); *Wilkie v. Vill. of Hempstead*, No. 22-CV-920, 2023 WL 5952056, at *7 (E.D.N.Y. June 20, 2023) ("[T]he ASA covers civil claims related to intentional torts -- false arrest/imprisonment -- that were suffered 'as a result of conduct' that otherwise would be a sexual offense under N.Y. Penal L. § 130.").

[2] Plaintiff points out that the 2022 VGMVPL Amendment changed the *category* of potential defendants, expanding it from "individual" to "party," as if this alters the preemption analysis. It does not.

3

position on preemption.  In *Engelman*, the plaintiff filed a lawsuit in 2018, years before the CVA, ASA, or 2022 VGMVPL Amendment were enacted, and asserted a claim under the VGMVPL, passed in 2000, for which the seven-year statute of limitations applied.  The Court considered whether the seven-year statute of limitations was preempted by the CPLR limitation period for assault and battery.  Because none of the relevant statutes existed in 2018, the *Engelman* Court could not and did not weigh in on the State Legislature's intent to occupy the field at issue.

Like *Engelman*, the *Gooding* Court did not discuss (and did not need to consider) whether the CVA and ASA preempted the VGMVPL's claim revival statute because the plaintiff did not rely on a claim revival provision.  Moreover, prior to dismissing *Bellino* on preemption, this Court considered *Engelman* and *Gooding* and explicitly adopted a portion of the defendant's memorandum that established why cases did not support the plaintiff's position on preemption.  *See Bellino*, 2024 WL 1344075, at *1; Paul Reply Decl., ¶ 3, Ex. 1, at 15 ("[T]he 2022 VGMVPA amendment does exactly what the First Department [in *Engelman*] says the VGMVPA did not do – extend the statute of limitations for civil actions based on a particular class of sexual assault claims.").

Similarly, in *Doe v. Black*, the plaintiff filed suit under the VGMVPL, alleging that the defendant sexually assaulted her when she was a minor.  No. 23-CV-6418 (S.D.N.Y.).  The Court denied the defendant's motion to dismiss, holding that the 2022 VGMVPL Amendment was not preempted by the CVA because defendant "failed to demonstrate that the state legislature occupied the relevant field of legislation with the CVA or that the VGMVPL Revival Statute conflicts with the CVA."  Paul Reply Decl., ¶ 4, Ex. 2, at 1.  Plaintiff's contention—that the *Black* Court considered "virtually the exact issue presented here"—is false.  Oppo. Br. at 6.  It is essential to look at an entire body of legislation when examining field preemption, yet *Black* failed to consider

4

the ASA and related legislation that followed the CVA. Plaintiff's suggestion that the same is "equally true for the ASA" is a fraught attempt to mask an inapposite decision as fitting her narrative. Again, the New York State Legislature did not occupy the field through enacting the CVA or ASA alone, but by both state laws taken together.[3]

Intent to occupy a field can be inferred "from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme, including the need for State-wide uniformity in a given area."[4] *People v. Diack*, 24 N.Y.3d 674, 679 (2015) (quoting *Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989)). In *Diack*, the Court of Appeals held that the State's continuing regulation of registered sex offenders through a series of piecemeal laws demonstrated its intent to occupy the entire field. *Diack*, 24 N.Y.3d at 679-80. This included sex offender residency restrictions, even though the state laws at issue made no mention of, or only tangentially touched upon, residency. *Id.* ("[I]t is clear from the State's continuing regulation with respect to identification and monitoring of registered sex offenders that its purpose and design is to preempt the subject of sex offender residency restriction legislation and to occupy the entire field so as to prohibit local governments from doing so.") (internal quotations omitted). The *Black* Court, considering only the CVA, concluded that New York did

---

[3] The *Black* decision hastily acknowledged that this Court reached a different decision in *Bellino*, noting nothing more than this Court "adopt[ed] the position set forth in the defendant's brief." Paul Reply Decl., ¶ 4, Ex. 2, at 13. It failed to mention the underlying reasoning. *Id.*

[4] Likewise, New York State courts have long rejected due process and as-applied challenges to claim revival statutes, further underscoring the need for uniform state-wide rules. *See Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 515 (1989) ("[T]he Legislature properly determined that it would be more fair for all plaintiffs to uniformly now have one year to bring their actions, rather than for the courts to begin drawing arbitrary lines transecting this area's shades of gray."); *J.S.M.*, 83 Misc. 3d 1082, at *3 (N.Y. Sup. Ct. 2024) ("[T]he Legislature may reasonably choose to impose an across-the-board rule reviving untimely claims as to all defendants."). The New York City Council undermines this very idea. The State Legislature created a tailored window to bring time-barred claims alleging violations of Article 130. Across New York State, that period ended in November 2023—except in New York City. With the 2022 VGMVPL Amendment, the City Council has opted to do precisely what local courts concluded they should not do, and created a conflicting revival period for New York City plaintiffs to allege the same violations of the same state laws.

5

not adopt a comprehensive-enough regulatory scheme to demonstrate its intent to occupy the field. Paul Reply Decl., ¶ 4, Ex. 2, at 8 ("The CVA is not the kind of scheme – one that is comprehensive and detailed – that would support a finding of field preemption.") (internal quotations omitted). However, applying the analysis set forth in *Diack*, the Court should have considered "the State's continuing regulation" of the revival of claims derived from violations of Article 130 of the New York Penal Law. *Diack*, 24 N.Y.3d at 679-80.

In 2019, the New York State Legislature passed the CVA, which created a one-year lookback window to revive otherwise time-barred child sexual abuse-related claims. The State also enacted legislation to increase criminal and civil statutes of limitations for child sexual offenses and prospectively increase limitations periods for a subset of sexual offenses committed against adults. Paul Reply Decl. ¶¶ 5-6, Exs. 3-4. A year later, to address challenges presented by the Covid-19 pandemic, the State Legislature extended the CVA revival period by one year. *See* N.Y. A.B. 2020-A.9036; N.Y. S.B. 2020-S.7082. It was against the backdrop of the CVA's extension that the State Legislature enacted the ASA.

In addition to their claim-revival provisions, the CVA and ASA accomplished other related ends. For example, the CVA removed the requirement that child sexual abuse claims against municipalities be brought within one year and 90 days, N.Y. Gen. Mun. L. 50-i (5), and created CPLR 208(b), which extended the infancy tolling of the statute of limitations for certain child sex abuse crimes from age 18 to age 55. CPLR 208(b). The Legislature also established dedicated court parts to adjudicate claims under the CVA, required special training of judges, and provided trial preference for older abuse victims. *See* 22 NYCRR § 202.72. The ASA also granted trial preference to ASA actions and directed the courts' Chief Administrator to ensure revived actions were adjudicated in a timely manner. *See* Paul Reply Decl., ¶ 8, Ex. 6. Even after the CVA and

ASA were enacted, New York State lawmakers have continued to legislate in this precise field. For example, in March 2023, members of the New York State Legislature proposed a bill amending the civil practice law to remove the statute of limitations in civil actions involving certain child sexual assault offenses. *See* Decl. of Michael Willemin, Ex. 1, ¶¶ 13-14 and Ex. 1 (N.Y. S. B. 2023-S.6099B). As such, the State's continued legislation regarding the revival of claims derived from violations of Article 130, and its enactment of a comprehensive regulatory scheme, demonstrates the State Legislature's intent to occupy the field and preempt local legislation on the subject, such as the 2022 VGMVPL Amendment.[5]

### C. Plaintiff's Other Arguments Concerning *Bellino* Lack Merit

Plaintiff makes several misguided arguments concerning the *Bellino* decision. First, as this Court is undoubtedly aware, the language in *Bellino* could not be clearer: dismissal based on preemption was an independent and alternate holding, not dicta.[6] *Bellino*, at *1 ("Second, *and independent of the prior point*, the limitations provision of the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act.") (*emphasis* added); Oppo. Br. at 10. Second, the procedural posture of *Bellino* belies Plaintiff's claim that the Court lacked the benefit of any arguments from counsel. Oppo. Br. at 10. On more than one occasion, the

---

[5] Plaintiff notes that *Engelman* and *Black* discuss the City's ability to "enact legislation to protect its residents from discrimination, including gender-related violence." Oppo. Br. at 7-8. However, as accepted by the *Bellino* Court, the City's police power does not permit the City Counsel "to adopt a law which is inconsistent with a State statute," which the 2022 VGMVPL Amendment is. Paul Reply Decl., Ex. 1, at 15-16 (quoting *New York City Health & Hosps. Corp. v. Council of City of New York*, 303 A.D.2d 69, 74 (1st Dep't 2003). To the extent that the VGMVPL created a unique cause of action for acts of gender-motivated violence that do not amount to a violation under Article 130 (i.e., are not already encompassed by the CVA or ASA), a court could consider severing it from the otherwise preempted aspects of the law. *See, e.g., New York Bankers Ass'n, Inc. v. City of New York*, 119 F. Supp. 3d 158, 161 (S.D.N.Y. 2015).

[6] Settled Second Circuit precedent "expressly stated that '[a]n alternative conclusion in an earlier case that is directly relevant to a later case is not dicta; it is an entirely appropriate basis for a holding in the later case.'" *Troeger v. Ellenville Cent. Sch. Dist.*, No. 15-CV-1294, 2016 WL 5107119, at *7 (N.D.N.Y. Sept. 20, 2016) (quoting *Pyett v. Pa. Bldg. Co.*, 498 F.3d 88, 93 (2d Cir. 2007), *rev'd on other grounds sub nom. 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009)); *see also MacDonald, Sommer & Frates v. Cnty. of Yolo*, 477 U.S. 340, 346 n.4 (1986)) ("[S]ince the Superior Court did not rest its holding on only one of its two stated reasons, it is appropriate to treat them as alternative bases of decision [rather than dicta]").

7

*Bellino* plaintiff briefed whether the VGMVPL was preempted by New York State's CVA and ASA, including in memorandum submitted in support of her motions for reconsideration and for leave to amend the complaint. Paul MJOP Decl., Ex. 1.A. As such, the *Bellino* Court had the opportunity to, and presumably did, review counsels' arguments before (1) granting defendant's motion to dismiss on two independent grounds, including that the VGMVPL's 2022 claim revival provision was preempted by state law, and (2) denying plaintiff's motion for reconsideration. *Id.*; *see also Bellino*, at *1. The Court reiterated its decision to dismiss the complaint "on each of two independent grounds" in its subsequent denial of plaintiff's motion seeking leave to amend the complaint. Paul MJOP Decl., Ex. 1.C.

## II. THE COURT SHOULD DISREGARD IRRELEVANT AND IMPROPER EVIDENCE PUT BEFORE THE COURT BY PLAINTIFF

Plaintiff asks the Court to consider the affidavit of State Senator Brad Hoylman-Sigal as evidence of the legislative intent behind the CVA.[7] The affidavit—created more than five years after the CVA was enacted (and more than two years after the ASA was enacted) and for the purpose of another litigation—is irrelevant to the issue before this Court.[8] *See Sibley v. KLM-Royal Dutch Airlines (Koninklijke Luchtvaart Maatschappij N.V.)*, 454 F. Supp. 425, 429 n.7 (S.D.N.Y. 1978) ("[T]he Court does not consider [state senator's] statement, solicited for purposes of this litigation, more than four years after the enactment of the statute, to be persuasive evidence of legislative intent."). It is well settled that isolated statements made by legislators after the

---

[7] In his motion, Tal Alexander directed the Court to a statement made by Sen. Hoylman-Sigal in a *New York Times* article published in November 2023, at the close of the ASA lookback window, which said that "[e]xtending the filing window, or implementing a permanent solution, will require new action by the State Legislature." Paul MJOP Decl. ¶ 9, Ex. 8. Unlike Sen. Holyman-Sigal's affidavit, the *New York Times* statement was neither made for the purpose of litigation nor to demonstrate legislative intent, but to demonstrate public understanding (and Sen. Hoylman-Sigal's personal knowledge and understanding) of the CVA, ASA, and their scope.

[8] Additionally, Plaintiff cites several news articles published after she filed her complaint for which there is no relevant or permissible purpose. Oppo. Br. at 1-2. They go well beyond the four corners of the complaint and are not relevant to the current motion.

8

passage of a law are not permissible evidence of contemporaneous legislative intent, and are uniformly rejected. *See, e.g., Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 132 (1974) ("[P]ostpassage remarks of legislators, however explicit, cannot serve to change the legislative intent of Congress expressed before the Act's passage. Such statements represent only the personal views of these legislators, since the statements were (made) after passage of the Act.") (internal citations and quotations omitted); *Southeastern Comm. Coll. v. Davis*, 442 U.S. 397, 411 n.11 (1979) ("[I]solated statements by individual Members of Congress or its committees, all made after the enactment of the statute under consideration, cannot substitute for a clear expression of legislative intent at the time of enactment."); *Heintz v. Jenkins*, 514 U.S. 291, 298 (1995) ("Congressman Annunzio made his statement not during the legislative process, but *after* the statute became law.  It therefore is not a statement upon which other legislators might have relied in voting for or against the Act, but it simply represents the views of one informed person on an issue about which others may (or may not) have thought differently."); *Cook v. Budget Rent-A-Car Corp.*, 502 F. Supp. 494, 499-500 (S.D.N.Y. 1980) ("[W]hile it is true that Senator Cranston was a co-sponsor of the Act (including Section 504) as originally enacted, the Court has great difficulty in regarding the statement of a single member of Congress, made six years after the passage of a statute, to be persuasive legislative history with respect to that statute.").

Plaintiff wholly ignores the bevy of cases rejecting similar statements—including *Doe v. Black*, *supra*, on which Plaintiff otherwise relies.  In *Black*, Plaintiff's Counsel attempted to introduce the very same affidavit, which the Court struck.  Paul Reply Decl. ¶ 7, Ex. 5.  This Court should similarly disregard it.  Moreover, even were the Court to consider the affidavit (it should

9

not), it conjectures only on the CVA and fails to address the ASA.[9] As previously stated, it is the CVA *coupled with the ASA* that occupies the field regarding the revival of claims amounting to sexual offenses under Article 130 of New York's Penal Law, and constitutes a comprehensive regulatory scheme. As such, this evidence is immaterial to the merits of the Motion for Judgment on the Pleading.

## CONCLUSION

For the above reasons, the Court should grant Tal Alexander's motion for judgment on the pleadings and dismiss the complaint, in its entirety, with prejudice.

Dated: New York, NY
October 14, 2024

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _____
Deanna M. Paul
Milton L. Williams
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2963
dpaul@wmhwlaw.com
mwilliams@wmhwlaw.com

*Attorneys for Tal Alexander*

---

[9] Plaintiff attempts to remedy this glaring omission by adding parentheticals and brackets that have no business being included in her Opposition. *See, e.g.,* Oppo. Br. at 4-5. These inserts may reference the ASA, however, Sen. Hoylman-Sigal affidavit concerns only the CVA.

10