**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELICA PARKER,<br><br>        Plaintiff,<br><br>        v.<br><br>TAI ALEXANDER, ALON ALEXANDER and OREN ALEXANDER,<br><br>        Defendants. | Civil Action No. 1:24-cv-04813 (LAK)<br><br>**DECLARATION OF**<br>**PAUL H. SCHAFHAUSER** |

I, Paul H. Schafhauser, declare under penalty of perjury, pursuant to 28 U.S.C. 1746:

1. I am a shareholder of the law firm Greenberg Traurig, LLP, counsel for non-party movant, Ivan Wilzig.

2. I respectfully submit this declaration in support of Mr. Wilzig's motion to quash a Subpoena dated December 6, 2024 (the "Subpoena") served by Defendant Tal Alexander ("Defendant") and for the entry of a Protective Order.

3. In this action, Mr. Wilzig was served with the Subpoena, which contained an overbroad and unlimited request for documents and information. A true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

4. On January 10, 2025, Mr. Wilzig's counsel (Becky Caruso, Esq. and I) and Defendant's counsel (Deanna Paul, Esq.) conferred about Mr. Wilzig's objections to the overbroad, irrelevant, and premature Subpoena, and counsel agreed to adjourn the return date of the Subpoena to January 20, 2025, to allow Defendant's counsel to consider serving an amended subpoena addressing Mr. Wilzig's objections. A true and correct copy of

correspondence confirming such adjournment, together with Defendant's confirmation of same, is attached hereto as **Exhibit B**.

5. During the conference on January 10, 2025, Mr. Wilzig's counsel expressed many objections and concerns regarding the overbroad demand, and that the deposition and document demand seeks materials and information that are irrelevant to the dispute between Plaintiff and Defendants in this case.

6. Counsel further noted that Mr. Wilzig lacks knowledge about the allegations underlying Plaintiff's claims against Defendants or Defendants' asserted defenses to those claims. Mr. Wilzig's counsel further noted that the information sought by Defendant should be obtained from Plaintiff or Defendants without burdening third parties such as Mr. Wilzig.

7. Mr. Wilzig's counsel also noted that in lieu of the case posture and the pending criminal action against the Defendants, it was premature to seek Mr. Wilzig's deposition testimony and documents that do not appear to have any relevance to the litigation at issue.

8. In response, Defendant's counsel stated that she would consider Mr. Wilzig's objections.

9. Not having heard anything further from Defendants' counsel since our discussion on January 10, 2025, I followed up with Defendant's counsel by email on December 16, 2025 and asked her to let us know of Defendant's position regarding the Subpoena directed to Ivan Wilzig. A true and correct copy of the aforesaid correspondence is attached hereto as **Exhibit B**.

10. To date, Mr. Wilzig's counsel has not received a further response from Defendant's counsel about the Subpoena at issue, nor has Mr. Wilzig or his counsel received an amended subpoena.

11. As set forth herein, I have conferred in good faith with Defendants' counsel to resolve the discovery dispute with respect to the Subpoena. Counsel for Mr. Wilzig and Defendant have been unable to resolve this discovery dispute. Therefore, Mr. Wilzig respectfully moves to quash the Subpoena and for a Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
January 17, 2025

/s/ Paul Schafhauser
PAUL H. SCHAFHAUSER