UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELICA PARKER,

        Plaintiff,

    v.

TAI ALEXANDER, ALON ALEXANDER and OREN ALEXANDER,

        Defendants.

Civil Action No. 1: 24-cv-04813 (LAK)

Hon. Lewis A. Kaplan

---

**NON-PARTY MOVANT IVAN WILZIG'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

 

GREENBERG TRAURIG, LLP
Paul H. Schafhauser, Esq.
Becky L. Caruso, Esq.
One Vanderbilt Avenue
New York, New York 10017
Tel.: (212) 801-9200

*Attorneys for Non-Party Movant Ivan Wilzig*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... ii

FACTUAL BACKGROUND ..................................................................................................... 1

LEGAL ARGUMENT ................................................................................................................ 3

I.   STANDARD ON A MOTION TO QUASH AND FOR A PROTECTIVE ORDER ......... 3

   A.   Mr. Wilzig Is Entitled To A Protective Order Because Defendants Can Obtain the Requested Information From Less Burdensome Means .................................... 5

   B.   The Subpoena Should Be Quashed Because It Is Unduly Burdensome and Not Proportional To The Needs Of The Case ............................................................... 6

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bhatt v. Patel*,
  2020 WL 13048694 (E.D.N.Y. Oct. 19, 2020) ............................................................................6

*Cohen v. City of New York*,
  2010 WL 1837782 (S.D.N.Y. May 6, 2010) ...............................................................................5

*Jalayer v. Stigliano*,
  2016 WL 5477600 (E.D.N.Y. Sept. 29, 2016),) .........................................................................4

*Lelchook v. Lebanese Canadian Bank, SAL*,
  670 F. Supp. 3d 51 (S.D.N.Y. 2023) ..........................................................................................4

*N'Diaye v. Metro Life Ins. Co.*,
  2018 WL 2316335 (S.D.N.Y. May 8, 2018) ...............................................................................5

*Roth v. County of Nassau*,
  2017 WL 75753 (E.D.N.Y. Jan. 6, 2017) ...................................................................................5

*In re Terrorist Attacks on September 11, 2001*,
  523 F Supp 3d. 478 (S.D.N.Y. 2021) .........................................................................................4

*Warnke v. CVS Corp.*,
  265 F.R.D. 64 (E.D.N.Y. 2010) ..............................................................................................4, 5

**Statutes**

Adult Survivors Act and Victims of Gender Motivated Violence Act ...........................................1

**Other Authorities**

Fed. R. Civ. P. 45 ....................................................................................................................1, 3, 4

Fed. R. Civ. P. 45(d)(1) ..................................................................................................................3

Fed. R. Civ. P. 45(d)(3) ..................................................................................................................3

Fed. R. Civ. P. 26 .......................................................................................................................1, 4

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................4

Fed. R. Civ. P. 45(d)(1) and (d)(3)(A)(iv) ..................................................................................4, 7

## PRELIMINARY STATEMENT

Non-Party Movant Ivan Wilzig ("Mr. Wilzig") respectfully submits this memorandum of law pursuant to Fed. R. Civ. P. 26 and 45 in support of his instant motion to quash the Subpoena dated December 6, 2024 (the "Subpoena") served by defendant Tal Alexander ("Defendant") and for the entry of a Protective Order.

As set forth more fully below, the Subpoena is nothing more than a flagrant fishing expedition and seeks limitless information that is irrelevant to the issues in dispute between Plaintiff and Defendant. Mr. Wilzig is not a party to this action – yet Defendant issued a demand for deposition testimony and a demand for documents, without limitation to time or subject matter. The Subpoena is plainly overbroad, unduly burdensome, and issued for the purpose of harassing Mr. Wilzig.

Mr. Wilzig lacks knowledge about the allegations underlying Plaintiff's claims against Defendant or Defendant's asserted defenses to those claims. Nonetheless, many if not most of the documents requested pursuant to the Subpoena could and should be obtained from Plaintiff or Defendant without burdening third parties such as Mr. Wilzig with vague and unduly burdensome requests without limitation.

For these reasons, as more fully set forth below, Mr. Wilzig respectfully submits that the Court should quash the Subpoena in its entirety and preclude Defendant from otherwise seeking such documents and information from Mr. Wilzig.

## FACTUAL BACKGROUND

Plaintiff commenced this action against Defendants by filing a Complaint on June 18, 2024 in the Supreme Court of New York, County of New York, alleging, among other things, sexual assault, rape, and violations of Adult Survivors Act and Victims of Gender Motivated Violence Act, based on the sexual violence allegedly inflicted upon Plaintiff by Defendants beginning in or

about the fall of 2012. [ECF No. 1-1]. On June 25, 2024, Defendants removed the action to federal court [ECF No. 1]. On June 27, 2025, an Amended Notice of Removal was filed by Defendants. [ECF No. 11]. Mr. Wilzig is not mentioned anywhere in the Complaint filed by Plaintiff.

Defendants filed motions to dismiss in lieu of an answer which are currently pending before this Court [ECF No. 15 and 25]. The motions are fully briefed and Mr. Wilzig is not referenced in the moving briefs or oppositions filed by Plaintiff. Moreover, Mr. Wilzig is not aware of any discovery exchanged between the parties to date, though as a non-party is not privy to any documents or information exchanged between the parties. However, on December 11, 2024, all three Defendants were criminally indicted in the Southern District of New York for sex trafficking, violent sexual assault, and rape of dozens of female victims.[1]

Despite that the motions to dismiss are pending and that discovery does not appear to be proceeding, Mr. Wilzig was served with the Subpoena, by which Defendant purports to compel "[a]ll documents and communications related to Tal Alexander, Alon Alexander and/or Oren Alexander, including all communications with third parties concerning Tal Alexander, Alon Alexander and/or Oren Alexander."  The Subpoena's initial response date was January 13, 2025. *See* Declaration of Paul Schafhauser submitted herewith ("Schafhauser Decl."), Ex. A.

On January 10, 2025, Mr. Wilzig's counsel and Defendant's counsel conferred about the Mr. Wilzig's objections to the overbroad, irrelevant, and premature Subpoena, and counsel agreed to adjourn the return date of the Subpoena to January 20, 2025, to allow Defendant's counsel to consider serving an amended subpoena addressing Mr. Wilzig's objections. Schafhauser Decl., ¶ 4-8 and Ex. B.  To date, no such amended subpoena has been served on Mr. Wilzig or counsel.

---

[1] u.s._v._alexander_et_al_superseding_indictment.pdf; Southern District of New York | Alon Alexander, Oren Alexander, And Tal Alexander Charged In Manhattan Federal Court With Sex Trafficking Offenses | United States Department of Justice

2

During the conference on January 10, 2025, Mr. Wilzig's counsel expressed many objections and concerns regarding the overbroad demand, and that the deposition and document demand seeks materials and information that are irrelevant to the dispute between Plaintiff and Defendants in this case. Counsel further noted that Mr. Wilzig lacks knowledge about the allegations underlying Plaintiff's claims against Defendants or Defendants' asserted defenses to those claims. Mr. Wilzig's counsel further noted that the information sought by Defendant should be obtained from Plaintiff or Defendants without burdening third parties such as Mr. Wilzig. Mr. Wilzig's counsel also noted that in lieu of the case posture and the pending criminal action against Defendants, it was premature to seek Mr. Wilzig's deposition testimony and documents that do not appear to have any relevance to the litigation at issue. *See* Schafhauser Decl., ¶ 4-8 and Ex. B.

In response, Defendant's counsel represented she would consider Mr. Wilzig's objections. Not having heard further, Mr. Wilzig's counsel followed up with Defendant's counsel on January 16, 2025. However, to date, Mr. Wilzig's counsel has not received a further response from Defendant's counsel about the Subpoena. *See* Schafhauser Decl., ¶ 9 and Ex. B. Therefore, Mr. Wilzig respectfully submits the instant motion to quash the Subpoena.

## LEGAL ARGUMENT

### I.  STANDARD ON A MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Although Rule 45 permits a party to command a non-party to produce documents, the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The court must "quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). *See also* Fed. R. Civ. P. 45(d)(1) (providing that party issuing subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and directing "[t]he court for the district where compliance is required" to "enforce this duty").

Moreover, "a subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Jalayer v. Stigliano*, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) (citations omitted).

"The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54 (S.D.N.Y. 2023) (citing Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 45(d)(3)(A)(iv); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012)). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Id.* Moreover, "The Rule 45 "undue burden" standard requires district courts supervising discovery to be generally sensitive to costs imposed on non-parties"… and "concern for the unwarranted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in Rule 45 inquiry." *In re Terrorist Attacks on September 11, 2001*, 523 F Supp 3d. 478, 489 (S.D.N.Y. 2021) (citing *Cusamano v. Microsoft Corp*. 162 F.3d 708, 717 (1st Cir. 1998) (internal citations omitted)).

In light of these settled standards, and in accordance with Rule 45(d)(1) and (d)(3)(A)(iv), the Court should quash the Subpoena in its entirety and enter a Protective Order pursuant to Rule 26 prohibiting Defendant from otherwise seeking the requested documents and information from Mr. Wilzig.

4

A. **Mr. Wilzig Is Entitled To A Protective Order Because Defendants Can Obtain the Requested Information From Less Burdensome Means**

A review of the document requests included in the Subpoena makes clear that the requests seek documents and information that are already in Defendant's possession, custody and control, or can otherwise be obtained. As such, there is no reason to burden Mr. Wilzig, a non-party to this action, with requests for information that is otherwise available to Defendants.

"When presented with a protective order motion, the court must also consider whether the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive,' and whether the party seeking the discovery has already 'had ample opportunity' to obtain it." *N'Diaye v. Metro Life Ins. Co.*, 2018 WL 2316335, at *4 (S.D.N.Y. May 8, 2018) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii)). "*These considerations are particularly salient where, as here, a party has opted to seek documents from non-parties, via subpoena, without first attempting to compel its adversary to produce the same documents.*" *Id.*; (emphasis added); *see also Roth v. County of Nassau*, 2017 WL 75753, at *6 (E.D.N.Y. Jan. 6, 2017) (quashing subpoena where the same information could be obtained from plaintiff himself); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 70 (E.D.N.Y. 2010) ("The relevant information sought by Defendant in the Subpoenas can be obtained from whatever records Plaintiff has in his possession or control as well as through Plaintiff's deposition"); *Cohen v. City of New York*, 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010) ("special weight" should be given " to the burden on non-parties of producing documents to parties involved in litigation").

These factors weigh heavily in favor of the entry of a Protective Order here. Mr. Wilzig is a non-party to this action, he does not have any interest or stake in the outcome of this action, and the information sought through the Subpoena can be obtained through less burdensome and oppressive means – including directly from Plaintiff and Defendants themselves.

5

For this reason alone, Mr. Wilzig's motion for a Protective Order should be granted, and the Subpoena should be quashed. In any event, even putting aside that the requested information can be obtained directly from Plaintiff or is otherwise already in Defendants' possession, custody and control, as more fully set forth below, Mr. Wilzig is entitled to a Protective Order and the Subpoena should be quashed because it is overbroad, unduly burdensome, oppressive, and seeks information that appears unrelated to any of the claims and defenses in this action.

### B. The Subpoena Should Be Quashed Because It Is Unduly Burdensome and Not Proportional To The Needs Of The Case

Even if Defendant could demonstrate that the limitless and overbroad requests contained in the Subpoena seek information relevant to the issues in this action, the Subpoena should be quashed because it is unduly burdensome and wholly disproportionate to the needs of this action. "Courts assess whether a subpoena presents an 'undue burden' by 'weigh[ing] the burden to the subpoenaed party against the value of the information to the serving party' and by evaluating that information's 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bhatt v. Patel*, 2020 WL 13048694, at *2 (E.D.N.Y. Oct. 19, 2020) (citations omitted). Each of these factors weighs in favor of quashing the Subpoena.

Compliance with the Subpoena would require Mr. Wilzig – an individual non-party who has no interest in the outcome of this case – to search for documents and information without limit to time or subject matter, and which are not described with any level of particularity whatsoever. Nor can Defendant articulate any valid reason or justification as to why the information sought through the Subpoena is necessary and unavailable to Defendant from other sources, including Plaintiff.

6

## **CONCLUSION**

Non-party movant Ivan Wilzig respectfully requests, pursuant to Rule 45(d)(1) and (d)(3)(A)(iv), that the Court quash the Subpoena in its entirety, enter a Protective Order and award Mr. Wilzig such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  New York, New York<br>         January 17, 2025 | GREENBERG, TRAURIG, LLP<br><br>By: */s/ Paul H. Schafhauser*<br>    Paul H. Schafhauser, Esq.<br>    Becky L. Caruso, Esq.<br>    One Vanderbilt Avenue<br>    New York, New York 10017<br>    Tel.: (212) 801-9200<br><br>*Attorneys for Non-Party Movant Ivan Wilzig* |

## **CERTIFICATE OF SERVICE**

    I, Paul H. Schafhauser, hereby certify that on January 17, 2025, I caused the foregoing document to be electronically filed with the United States District Court for the Southern District of New York through the CM/ECF system, and that a copy is being served on all counsel of record via CM/ECF.

                                          */s/ Paul H. Schafhauser*
                                          Paul H. Schafhauser

ACTIVE 706349581v1