**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANGELICA PARKER,

                   Plaintiff,               Case No.: 24-CV-04813 (LAK)

        v.

TAL ALEXANDER, ALON ALEXANDER
and OREN ALEXANDER,

               Defendants.

**DECLARATION OF DEANNA M. PAUL**

Pursuant to 28 U.S.C. § 1746(a), DEANNA M. PAUL declares as follows:

1.      I am an attorney with Walden Macht Haran & Williams LLP, and counsel to Defendant Tal Alexander. I make this declaration, based upon my personal knowledge, in opposition to nonparty Ivan Wilzig's motion to quash and for a protective order and in support of Defendant Tal Alexander's cross-motion to compel.

2.      Attached as Exhibit 1 is a true and correct copy of Plaintiff's Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

3.      On August 2, 2024, I spoke to Paul Schafhauser, counsel for Ivan Wilzig ("Counsel"), regarding service of a document and deposition subpoena. During that call, Counsel agreed to produce Mr. Wilzig for a deposition and acknowledged that (i) Mr. Wilzig and Angelica Parker ("Plaintiff") were romantically involved; (ii) Mr. Wilzig has known Tal Alexander, Oren Alexander, and Alon Alexander for years; (iii) Mr. Wilzig has relevant knowledge concerning Plaintiff's allegations in the instant lawsuit; and (iv) Mr. Wilzig was named as a defendant, alongside Oren and Alon Alexander, in a lawsuit filed by Kate Whiteman, which Plaintiff

references in the Complaint.  *See* Compl. ¶¶ 35-36; *Whiteman v. Alexander, et al.*, Index No. 952316/2023 (Sup. Ct. N.Y. Cty. Nov. 22, 2023).

4.      In an unrelated litigation in which Angelica Parker sued another male for sexual assault, *Angelica Parker v. Scott Bursor, et al.*, No. 24-CV-0024, ECF 96 (JGLC) (S.D.N.Y. July 17, 2024) (the "Bursor Action"), Mr. Wilzig filed a motion to quash a nonparty document subpoena on July 17, 2024.  Attached as Exhibit 2 is a true and correct copy of the document subpoena served on nonparty Ivan Wilzig in the Bursor Action.  *Id.* at ECF 97-2.  The subpoena includes 46 requests for documents and information dating back to May 1, 2007, including:

a. Text messages between Mr. Wilzig and Plaintiff discussing who would "become the next Delahoya," referring to the famed boxer, Oscar De La Hoya, who Plaintiff accused of assault, battery, and false imprisonment in a 2011 lawsuit that was dismissed after the court concluded that the claims were filed to harass and maliciously injure Mr. De La Hoya.  Attached as Exhibit 3 is a true and correct copy of the dismissal order in *Cecora v. De La Hoya*, Index No. 112787/11 (Sup. Ct. N.Y. Cty. Mar. 30, 2012).

b. Documents and communications between Mr. Wilzig and Plaintiff about "Tal Alexander, Oren Alexander, Alon Alexander . . . or any other person(s) from whom Plaintiff discussed seeking payment of money."

c. Documents concerning a text message from Plaintiff to Mr. Wilzig in which she states she is "not going to be the last to hop on the unethical train" and purportedly planned to "get this moving privately tomorrow" by sharing an audio recording concerning a $1 million settlement.

2

5.      On August 5, 2024, Counsel participated in a telephone oral argument in the Bursor Action, during which Defendant Bursor stated that Angelica Parker, who is also the Plaintiff in the instant case, has had a history of shaking down wealthy men after engaging in sexual behavior with them, and that Mr. Wilzig had conspired with Plaintiff in these extortionate schemes. Defendant Bursor also stated that (i) Plaintiff lives with Mr. Wilzig, (ii) Plaintiff and Mr. Wilzig have exchanged text messages about her shaking down and receiving money from other men, and (iii) Plaintiff deleted messages and failed to produce documents required pursuant to FRCP Rule 26.

6.      On August 5, 2024, the *Bursor* Court denied Mr. Wilzig's motion to quash. *See* Order, *Parker v. Bursor, et al.*, No. 24-CV-0024, ECF 122 (S.D.N.Y. Aug. 5, 2024).

7.      On September 25, 2024, as previously discussed, I emailed Counsel a document and deposition subpoena for Mr. Wilzig.  Attached as Exhibit 4 is a true and correct copy of the document and deposition subpoena, which had a return date of October 23, 2024.

8.      On September 30, 2024, I spoke to Counsel regarding Mr. Alexander's subpoena. During that conversation, we discussed the August 5, 2024 Oral Argument in the Bursor Action and the scope of Mr. Alexander's document request.  Counsel stated that he understood which documents Mr. Alexander was looking for.

9.      On October 11, 2024, I emailed Counsel a document and deposition subpoena with an updated return date of November 11, 2024.

10.      On October 15, 2024, Counsel and I conferred by phone.  Counsel indicated that he could no longer accept service on behalf of Mr. Wilzig, but noted that Mr. Wilzig would be traveling back to his Florida address in several weeks.  Counsel stated that, once served, we would

be able to negotiate the scope of documents and that he understood which documents Mr. Alexander was looking for.

11.    As reflected in my October 25, 2024 email, at no point did Counsel oppose the document subpoena or suggest that it was a fishing expedition.  Instead, based on our conversations about Mr. Wilzig's relevant knowledge and involvement with the Alexanders, Counsel stated that he understood the documents Mr. Alexander was seeking and would coordinate to begin producing them.

12.    I received no response to emails on October 25, 2024 and October 31, 2024.

13.    A process server began attempting to serve Mr. Wilzig at his New York address on November 9, 2024, and on December 6, 2024, the process server began attempting service at Mr. Wilzig's Miami Beach address.[1]  After several failed attempts, Mr. Wilzig was served on December 17, 2024.  Attached as Exhibit 5 is a true and correct copy of the subpoena, which had a return date of January 13, 2025.

14.    Counsel and I conferred by phone on December 19, 2024.  Notwithstanding his earlier acknowledgement—that Mr. Wilzig had relevant information to the allegations in the instant case—Counsel indicated that he would move to quash the subpoena.

15.    On January 10, 2025, Counsel and I conferred again by phone.  Counsel stated that even if Mr. Alexander withdrew the document request, he would still move to quash the deposition subpoena.  During that call, I agreed to extend the subpoena return date to January 20, 2025.

16.    On January 17, 2025, Mr. Wilzig filed a motion to quash and for a protective order.

---

[1] On December 11, 2024, the U.S. Attorney's Office for the Southern District of New York held a press conference announcing this indictment.  Then-U.S. Attorney Damien Williams stated that the Alexanders did not act alone and that the investigation remained ongoing.

17.    Attached as Exhibit 6 is a true and correct copy of the above-mentioned email correspondence.


I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
          January 22, 2025

_____
Deanna M. Paul

5