UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANGELICA PARKER,

                            Plaintiff,


                    -against-                                              24-cv-4813 (LAK)


TAL ALEXANDER, ALON ALEXANDER, and OREN
ALEXANDER

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


Appearances:

                              Michael John Willemin
                              Brooke Payton
                              WIGDOR LLP
                              *Attorneys for Plaintiff*

                              Isabelle A. Kirshner
                              Brian David Linder
                              Efrat Blassberger
                              CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
                              *Attorneys for Defendants Alon and Oren Alexander*

                              Deanna Paul
                              Milton L. Williams, Jr.
                              WALDEN MACHT HARAN, & WILLIAMS LLP
                              *Attorneys for Defendant Tal Alexander*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/22/25

LEWIS A. KAPLAN, *District Judge.*

Plaintiff Angelica Parker brings this suit under New York City's Victims of Gender-Motivated Violence Protection Law ("VGMVPL")[1] against defendants Tal, Alon, and Oren Alexander. The complaint alleges that plaintiff in the fall of 2012 went to Oren's home, where Oren's brothers Tal and Alon sexually assaulted her.[2] Before the Court are motions (1) by defendants Alon and Oren to dismiss and to strike portions of the complaint, and (2) by defendant Tal for judgment on the pleadings dismissing the complaint against him.[3] These raise the question whether the revival provision of the City's VGMVPL is preempted in part by state statutes.

### Factual Background[4]

Plaintiff alleges that she developed a brief personal relationship with Oren Alexander in or around 2012.[5] That fall, Oren allegedly invited plaintiff to the residence where he lived with his brothers Alon and Tal.[6] Plaintiff alleges that, after she arrived, Alon and Tal raped her while

---

[1]      N.Y.C. Admin. Code §§ 10-1101 *et seq.*

[2]      Complaint, Dkt 11-1 ("Compl.") ¶¶ 16–28.

[3]      Dkt 25.

[4]      The Court assumes familiarity with the underlying facts and the procedural history and thus provides the minimal background necessary to decide the motions. For the purpose of these motions, the Court assumes the truth of plaintiff's allegations and draws all inferences favorable to plaintiff to which the allegations reasonably are susceptible.

[5]      Compl. ¶ 16.

[6]      *Id.* ¶¶ 6, 17.

3

Oren sat and watched.[7]  She alleges also that Tal years later attempted to sexually assault her again, but relented after she screamed so that others nearby could hear.[8]

## Discussion

### 1.    Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face."[9]  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim."[10]  In most cases, a claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  This pleading requirement is satisfied by "a short and plain statement of the claim showing that the pleader is entitled to relief."[12]  "[W]hen considering a preemption argument in the context of a motion to dismiss, the factual allegations relevant to preemption must be viewed in the

---

[7]      *Id.* ¶¶ 22–28.

[8]      *Id.* ¶¶ 32–33.

[9]      *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10]      *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (cleaned up) (quoting *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001)).

[11]      *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[12]      Fed. R. Civ. P. 8(a)(2).

4

light most favorable to the plaintiff."[13]


2.    *Statute of Limitations and Revival Provisions*

The statute of limitations for a claim under the VGMVPL ordinarily is seven years.[14] The VGMVPL limitations period for conduct in the fall of 2012 therefore expired in fall 2019. However, in January 2022, the New York City Council amended the VGMVPL by creating a two-year window for the revival of otherwise time-barred claims under the law ("VGMVPL Revival Amendment" or "Amendment"). That window opened on March 1, 2023, and closes on March 1, 2025.[15] Plaintiff contends that this suit — filed on June 18, 2024 — is timely based on the Amendment. Defendants counter that the Amendment is preempted by New York State's Adult Survivors Act,[16] which created a one-year window for the revival of otherwise time-barred civil claims arising out of certain sexual offenses committed against adult victims. That window opened on November 24, 2022, and closed exactly one year later in November 2023[17] — more than six months before plaintiff brought this action.

---

[13]      *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 444 (2d Cir. 2015).

[14]      N.Y.C. Admin. Code §§ 10-1105(a). If a potential plaintiff person is unable to bring suit for certain listed reasons at the time the cause of action accrues, then "the time within which the action must be commenced shall be extended to nine years after the inability to commence the action ceases." *Id.* Plaintiff has not alleged that she was unable to bring suit at the time the cause of action accrued.

[15]      *Id.*

[16]      N.Y. CPLR § 214-j.

[17]      *Id.*; *see also Carroll v. Trump*, 650 F. Supp. 3d 213, 218 (S.D.N.Y. 2023).

The Court addressed this issue in *Bellino v. Tallarico*.[18]  As here, the plaintiff in *Bellino* brought a VGMVPL claim outside the ordinary statute of limitations and relied on the VGMVPL Revival Amendment.[19]  The Court concluded that the VGMVPL Revival Amendment in relevant part is preempted by the State's Child Victims Act ("CVA")[20] and the Adult Survivors Act ("ASA").[21]  As no opposition was filed to the defendant's motion to dismiss in *Bellino*, however, the Court did not have the benefit of full briefing in that case.  It therefore considers the issue here *de novo*.

### A.    *Preemption Standard*

The VGMVPL Revival Amendment is a local New York City enactment.  The predicate of defendants' position is that the ASA and the CVA are New York State statutes which, in relevant part, preempt the claim revival provision of the Amendment.

The New York State Constitution's home rule provision authorizes municipalities to adopt local laws in certain fields so long as they are "not inconsistent" with the Constitution or general state laws.[22]  "The doctrine of preemption acts as a significant restriction on the home rule powers of municipalities.  Local laws may be inconsistent with and preempted by state law either

---

[18]     No. 24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024).

[19]     *Id.* at *1.

[20]     N.Y. CPLR § 214-g.

[21]     2024 WL 1344075 at *1.

[22]     N.Y. Const., art. IX, § 2(c)(10).

6

because the legislature has occupied the relevant field of regulation" — *i.e.*, field preemption — "or because the local law conflicts with state law" — *i.e.*, conflict preemption.[23]

Field preemption applies where the "legislature has assumed fully regulatory responsibility" in a field or area of the law.[24]  The legislature may articulate its intent to occupy a field expressly or by implication.[25]  Intent to occupy a field may be implied from "a declaration of state policy, the enactment of a 'comprehensive and detailed regulatory scheme in a particular area,' or 'from the nature of the subject matter being regulated and the purpose and scope of the [s]tate legislative scheme, including the need for [s]tate-wide uniformity in a given area.'"[26]

Conflict preemption applies where "there is a head-on collision between" state and local law.[27]  "For a local law to be invalid pursuant to the conflict preemption doctrine, the State must specifically permit the conduct the local law prohibits or provide 'some other indication that deviation from state law is prohibited.'"[28]

---

[23]
    *Police Benevolent Ass'n of City of New York, Inc. v. City of New York*, 40 N.Y.3d 417, 423 (2023) (citation omitted).

[24]
    *Id.* (quoting *People v. Torres*, 37 N.Y.3d 256, 265 (2021)).

[25]
    *DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001).

[26]
    *Police Benevolent Ass'n of City of New York, Inc.*, 40 N.Y.3d at 423–24 (quoting *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY.2d 91, 97 (1987)).

[27]
    *Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*, 74 N.Y.2d 761, 764 (1989).

[28]
    *People v. Torres*, 37 N.Y.3d 256, 268 (2021) (quoting *Garcia v. New York City Dep't of Health & Mental Hygiene*, 31 N.Y.3d 601, 617–18 (2018)).

B.      *The CVA and ASA Occupy the Field of Revival of Civil Claims Arising from Violations of State Sexual Offense Penal Statutes*

The CVA and ASA constitute a comprehensive and detailed regulatory scheme. In 2019, the New York State legislature enacted the CVA, which created a revival window during which adult survivors of child sexual offenses were permitted to file otherwise time-barred civil claims.[29] While the provision originally created a one-year revival window,[30] in 2020 the legislature extended the window by an additional year.[31] In 2022, the legislature passed the ASA, which created a one-year revival window for adult victims of sexual offenses to bring otherwise time-barred civil claims.[32] The CVA and ASA apply to "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law" committed against a child victim (CVA)[33] or an adult victim (ASA) respectively.[34] Each explicitly applies "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary."[35] These provisions thus are comprehensive.

---

29

N.Y. CPLR § 214-g.

30

2019 N.Y. Sess. Laws, ch. 11, § 3, eff. Feb. 14, 2019 (amended 2020).

31

2020 N.Y. Sess. Laws, ch. 130, § 1, eff. Aug. 3, 2020.

32

N.Y. CPLR § 214-j.

33

*Id.* § 214-g.

34

*Id.* § 214-j.

35

*Id.* §§ 214-g, 214-j.

8

Collectively, they apply to all civil claims by child and adult victims for personal injuries arising from conduct constituting sexual offenses defined by Article 130 of New York Penal Law. And they are detailed. They provide exact time frames during which claims may be brought. The CVA and ASA therefore occupy the field of revival of civil claims arising from violations of state sexual offense penal statutes, preempting local laws like the VGMVPL Revival Amendment to the extent that they purport to revive the same category of claims.

The sequence of enactments confirms the legislature's intent to occupy the field. The VGMVPL Revival Amendment was enacted in January 2022,[36] over four months before the passage of the ASA.[37] The state easily could have carved the VGMVPL out of the ambit of the ASA. Instead, the ASA applies broadly to "every civil claim or cause of action" brought by adult victims of sexual offenses per Article 130 of New York Penal Law,[38] thus including those brought under the VGMVPL.[39] The ASA applies "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary."[40] The legislature could have stated that the ASA applies notwithstanding any *more restrictive* limitations period. But despite its presumed awareness of the VGMVPL

---

[36]

 N.Y.C. Admin. Code § 10-1105.

[37]

 N.Y. CPLR § 214-j.

[38]

 *Id.*

[39]

 *See* N.Y.C. Admin. Code § 10-1104 (creating a cause of action under VGMVPL for "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender"); N.Y. CPLR § 214-j (ASA applies to every civil claim or cause of action arising from sex offenses as defined in New York penal law committed against an adult).

[40]

 N.Y. CPLR § 214-j.

Revival Amendment, the legislature opted not to do so.[41]


   C.    *The ASA and 2022 VGMVPL Revival Amendment Conflict*

         The revival windows created by the ASA and the VGMVPL Revival Amendment

conflict.   The ASA revival window opened on November 24, 2022.   The VGMVPL Revival

Amendment allowed for the commencement of claims "not earlier than six months after . . .

September 1, 2022," *i.e.*, March 1, 2023. The ASA thus is unambiguously inconsistent with the start

date of the VGMVPL revival window because the ASA specifically "permit[s] the conduct the local

law" does not[42] — bringing VGMVPL claims between November 24, 2022, and March 1, 2023.

         The ASA is inconsistent also with respect to the end date of the VGMVPL Revival

Amendment window.   Per plaintiff's theory, the window to bring her claims would not close until

March 1, 2025 — over 27 months after it opened.   That would create a revival period longer than

either the ASA or VGMVPL revival windows standing alone.   This would conflict with the ASA's

express provision that "[n]otwithstanding any provision of law which imposes a period of limitation

---

[41]

     Contrary to plaintiff's contention, the Appellate Division's decision in *Engelman v. Rofe*,
144 N.Y.S.3d 20 (N.Y. 1st Dep't 2021), supports the view that the ASA and CVA preempt
local laws that purport to revive civil claims arising from violations of  sexual offense
provisions of the New York Penal Law.   There, the Appellate Division held that New York
State's one-year limitations period for assault claims did not preempt the VGMVPL's seven-
year limitations period because "the legislative intent of the [VGMVPL] was to create to
create a civil rights remedy or cause of action . . . rather than to extend the statute of
limitations for a particular class of assaults." *Id.* at 25–26. Unlike the VGMVPL itself, the
VGMVPL Revival Amendment was intended to extend the statute of limitations for a
particular class of assaults.   The CVA and ASA have exactly the same function.   Per the
reasoning in *Engelman*, these provisions preempt the VGMVPL Revival Amendment to the
extent it purports to apply to the same conduct as the CVA and ASA.

[42]

     *Torres*, 37 N.Y.3d at 265.

to the contrary" eligible plaintiffs may file claims "not later than [November 24, 2023]."[43]  "When the legislature has intended to revive time-barred claims, it has typically said so unambiguously, providing a limited window when stale claims may be pursued."[44]  Plaintiff's interpretation — in which state law opens the revival window and local law would close it — would conflict with the legislature's creation of such a limited window.

> D.    *Doe v. Black*

Plaintiff relies on *Doe v. Black*,[45] in which another judge of this Court ruled that the CVA did not preempt the VGMVPL revival amendment.  My colleague there concluded that (1) there was no field preemption because the CVA "is not the kind of scheme . . . that would support a finding of field preemption,"[46] and (2) there was no conflict preemption because there is no head-on collision between the VGMVPL Revival Amendment and the CVA.[47]

This Court respectfully disagrees.  In my view, the CVA and ASA constitute a comprehensive and detailed regulatory scheme.  First, the *Black* court addressed whether the CVA

---

43    N.Y. CPLR § 214-j.

44    *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371 (2020).

45    No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024).

46    *Id.* at *6.

47    *Id.* at *6–7.

preempted the VGMVPL Revival Amendment in isolation (*i.e.*, without considering the ASA).[48]
As explained above, the CVA and ASA together constitute a comprehensive and detailed scheme.
Second, the *Black* court compared the CVA unfavorably to other regulatory schemes — those
governing energy generation siting, workplace safety, minimum wage setting, and alcohol
distribution control — which have been held to occupy fields of regulation.[49]  These comparator
schemes do involve more *complexity* than the ASA-CVA revival scheme.  But the comparator
schemes are not more comprehensive: the comparators and the ASA-CVA revival scheme occupy
the entirety of their respective fields due to the breadth of their application.  Nor does the level of
detail involved meaningfully distinguish the comparator schemes.  The ASA and CVA lay out
precisely the claims to which they apply and the exact start and end dates for their respective revival
windows.  That the ASA and CVA did not "did not create a commissioner or board with
investigatory or enforcement power . . . impose direct controls at the local level . . . or set forth
comprehensive procedures for administrative and judicial review"[50] is inapposite.  That the ASA and
CVA contain the necessary details, rather than creating a more complex procedure for developing
those details, only underscores their level of detail.

> The Court respectfully cannot subscribe to its colleague's view that the VGMVPL
Amendment does not conflict with the CVA (and ASA).  The *Black* court did not consider the
conflicting windows between the ASA and the VGMVPL Revival Amendment.  The *Black* court

---

[48]    *Id.* at *6–7.

[49]    *Id.* at *5–6.

[50]    *Id.* at *6.

addressed only whether the CVA conflicts with the VGMVPL Revival Amendment.[51] The CVA window closed on August 14, 2021, before the VGMVPL Revival Amendment was enacted. The VGMVPL Revival Amendment therefore did not "act to prevent anyone from filing a claim under the CVA."[52] However, the Amendment did forestall claims under the ASA because the Amendment did not allow for claims to be filed before March 2023 — well after the ASA window opened in November 2022.[53] Further, the *Black* court did not address the plain language of the CVA and ASA, both of which apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary."[54] The *Black* court reasoned that there is no conflict between the CVA and the VGMVPL Revival Amendment "because they further the same goals" and "were both enacted to further civil rights causes of action."[55] Respectfully, this Court's view is that this argument ignores both the plain language of the CVA and the legislature's intention to create "a *limited* window when stale claims may be pursued."[56]

---

[51]
    *Id.* at *6–7.

[52]
    *Id.*

[53]
    *Cf. Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 176 (S.D.N.Y. 2019) (claims filed under the CVA before the opening of the revival window dismissed without prejudice).

[54]
    N.Y. CPLR §§ 214-g, 214-j.

[55]
    2024 WL 4335453 at *7.

[56]
    *Regina Metro. Co.*, 35 N.Y.3d at 371 (emphasis added).

3.    *Statute of Limitations and Revival Window Applicable to Plaintiff's Claims*

For the foregoing reasons, the ASA and CVA preempt the VGMVPL Revival Amendment to the extent that the Amendment purports to revive civil claims arising from violations of sexual offense provisions of the New York Penal Law. The ASA and CVA each apply to civil claims arising from "conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law."[57] The VGMVPL establishes a cause of action for "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender."[58] Plaintiff correctly notes that the conduct covered by the VGMVPL on the one hand and the ASA and CVA on the other do not fully overlap.[59] Not all crimes of violence motivated by gender necessarily are sexual offenses under New York Penal Law. Plaintiff's claims therefore are ineligible for revival under the VGMVPL Revival Amendment only if they arise from a predicate sexual offense under the New York Penal Law.

Every act alleged in the complaint that allegedly gives rise to liability under the VGMVPL constitutes a predicate sexual offense under the New York Penal Law. Plaintiff alleges that Alon held her down and orally and vaginally raped her.[60] These alleged acts constituted a

---

[57]    N.Y. CPLR §§ 214-g, 214-j.

[58]    N.Y.C. Admin. Code § 10-1104.

[59]    Dkt 20 at 6–7.

[60]    Compl. ¶¶ 22–23.

predicate sexual offense under New York Penal Law in effect at the time.[61]  Plaintiff alleges that Tal

orally raped her, attempted to penetrate her with his fingers and vaginally rape her, and attempted

years later to sexually assault her.[62]  Each of these acts constitutes a predicate sexual offense under

the New York Penal Law.[63]  Finally, plaintiff alleges that Oren planned and facilitated the rape and

sexual assault.[64]  This conduct likewise constitutes a predicate sexual offense under the New York

---

[61]

Under the Penal Law provisions in effect at the time of the ASA's passage, non-consensual penile penetration constituted rape in the first degree.  *See* 2000 N.Y. Sess. Laws, ch. 1, § 34, eff. Nov. 1, 2001 (amended 2024) ("A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person . . . [b]y forcible compulsion . . . ."); *see also Carroll v. Trump*, 683 F. Supp. 3d 302, 324 n.66 (S.D.N.Y. 2023) ("New York courts have interpreted 'sexual intercourse' as involving penile penetration.").  Under those provisions, non-consensual oral sexual conduct constituted a criminal sexual act in the first degree.  N.Y. Penal Law § 130.50, *repealed* by 2023 N.Y. Sess. Laws, ch. 777, § 1, eff. Sept. 1, 2024 ("A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person . . .[b]y forcible compulsion . . . .").  These provisions have since been amended such that vaginal or oral sexual contact with another person by forcible compulsion constitutes rape in the first degree.  N.Y. Penal Law § 130.35.

[62]

Compl. ¶¶ 22–23, 27.

[63]

Under the Penal Law provisions in effect at the time of the ASA's passage, non-consensual oral sexual conduct constituted a criminal sexual act in the first degree.  N.Y. Penal Law § 130.50, *repealed* by 2023 N.Y. Sess. Laws, ch. 777, § 1, eff. Sept. 1, 2024 ("A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person . . . .").  Under those provisions, vaginal rape constituted rape in the first degree, *see* 2000 N.Y. Sess. Laws, ch. 1, § 34, eff. Nov. 1, 2001 (amended 2024) ("A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person . . . [b]y forcible compulsion . . . ."), and forcibly touching "the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire" constituted forcible touching in violation of N.Y. Penal Law § 130.52.  A person would be guilty of intent to commit those crimes when, with intent to commit a crime, he engaged in conduct which tends to effect the commission of such crime.  N.Y. Penal Law § 110.00.

[64]

Compl. ¶¶ 22, 25.

Penal Law.[65]

Plaintiff's VGMVPL claims therefore are time-barred to the extent they arise from conduct that occurred before June 18, 2017.  The only conduct attributed to Alon and Oren in the complaint allegedly took place in the fall of 2012.[66]  Plaintiff's claims against them therefore are time-barred.

The limitations period alone is not dispositive as to Tal.  Plaintiff alleges, in addition to the fall 2012 rape, that Tal attempted to sexually assault her again "years later."[67]  From the face of the complaint, it is not clear whether this conduct allegedly occurred within the limitations period. Although "the failure to allege specific dates does not necessarily run afoul of Rule 8" in the *pro se* prisoner context,[68] the failure to provide even approximate dates for the alleged conduct does run afoul of the Rule 8 pleading standards, especially when defendants raise a statute of limitations defense.[69]  Accordingly, plaintiff's claim against Tal Alexander is dismissed, albeit subject to the

---

[65]

    "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." N.Y. Penal Law § 20.00. *See also In re Julissa R.*, 817 N.Y.S.2d 116, 118 (2d Dept. 2006) (aiding another participant in committing sexual abuse constitutes sexual abuse under New York Penal Law); *In re Carlos L.*, 681 N.Y.S.2d 516, 516–17 (1st Dept. 1998) (same).

[66]

    Compl. ¶¶ 16–28.

[67]

    *Id* ¶¶ 32–33.

[68]

    *Harnage v. Lightner*, 916 F.3d 138, 142 (2d Cir. 2019).

[69]

    *See Healthcare Just. Coal. DE Corp. v. Cigna Health & Life Ins. Co.*, No. 3:23-CV-1689 (JAM), 2024 WL 4264391, at *4 (D. Conn. Sept. 23, 2024); *Ning Xianhua v. Oath Holdings, Inc.*, 536 F. Supp. 3d 535, 559 (N.D. Cal. 2021); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 135 (N.D. Cal. 2020).

possible filing of an amended complaint alleging a cause of action within the limitations period.

### *Conclusion*

For the foregoing reasons, defendants' motions (Dkt 15, Dkt 25) both are granted to the extent that plaintiff's claims against all three defendants are dismissed.[70] In the case of defendant Tal Alexander, the dismissal is without prejudice to a motion, filed no later than February 14, 2025, for leave to amend the complaint to add, if supported, timely allegations. Any such motion must include (1) a clean copy of the proposed amended complaint, (2) a redlined version of the proposed amended complaint showing all changes, and (3) a memorandum addressing why the amendments would not be futile.

SO ORDERED.

Dated:        January 22, 2025

_____
                    Lewis A. Kaplan
                    United States District Judge

---

[70] The portion of Dkt 15 that sought to strike certain allegations is denied as moot.